SARAH RICKERT *v.* JOSEPH FRASER ET AL.

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued May 6—decided June 22, 1965

*Bernard Poliner,* with whom, on the brief, were *Morton E. Cole* and *Cyril Cole,* for the appellant (plaintiff).

*Edward Seltzer,* for the appellee (named defendant).

*Allyn L. Brown, Jr.,* for the appellee (defendant Rickert).

SHANNON, J. The plaintiff has appealed from the denial of her motion to set aside a verdict rendered in her favor against the defendant Joseph Fraser on the ground that it was inadequate. She also appeals from the denial of her motion to set aside a directed verdict for the defendant Joseph Rickert, her husband.

On January 7, 1958, the plaintiff was a passenger in a car owned and operated by her husband. His automobile was in a line of traffic proceeding in a southeasterly direction on route 2 near Glastonbury, Connecticut. The defendant Joseph Fraser was driving his car immediately behind the Rickert car. The line of traffic ahead came to a stop, and the Rickert car also stopped. As this happened, Fraser, seeing the brake lights of the Rickert car go on, applied his brakes and immediately went into a skid and collided with the Rickert car.

The plaintiff alleged and introduced evidence to prove that she sustained severe injuries as a result of the collision including a permanent neck injury with a fracture of a spur of the cervical spine, a facial injury resulting in a permanent drooping eyelid, and an injury to a nerve in the neck which, in turn, produced an abnormal puffiness of the face. She also submitted evidence that she was unable to

work for a total of thirty-three weeks as a result of which she lost wages amounting to $2719.20, and that her medical expenses, including supports and braces, came to $755.27. The balance of the $50,000 she sought in damages was to compensate for six years of pain and mental anguish, which she claimed to have suffered from the date of the accident to the date of the trial, February 6, 1964, and which she claimed she would continue to suffer in the future. She was fifty-four years old at the time of the accident and had a life expectancy of about nineteen years. The jury returned a verdict for $2500 after three hours of deliberation.

The plaintiff claims that the verdict is manifestly inadequate because it is less than the total of the claimed special damages. While the medical expenses of $755.27 were not questioned, there was a sharp dispute over the plaintiff's alleged loss of earning capacity. In her own answer to the defendant's motion for disclosure, the plaintiff said that she had been confined to her home "on account of the injuries" for "about 3 months intermittently." The plaintiff also testified that after her return to work she did not work overtime. Her employer testified to the contrary. There was also conflicting testimony as to whether or not the plaintiff had done any housework during the period of her alleged confinement. On the basis of the variances in proof as to the plaintiff's ability to work, or her work in fact, the jury could reasonably have found that her evidence as to lost wages was exaggerated. We cannot treat the claim for loss of earning capacity as proven or estimate the evaluation which the jury placed upon it.

As to the matter of her injuries and the pain and suffering resulting therefrom, the court, in its

memorandum of decision on the motion to set aside the verdict against Fraser, noted that the medical testimony and opinions were conflicting to such an extent that the jury could have refused to credit the plaintiff's claims. It is enough to point out, without our going into the details of all the evidence offered by both sides, that the existence, causes, disabling propensities and permanency of the claimed injuries were all discussed on inconsistent theories by the four doctors, including an optometrist, called by the plaintiff. One of the doctors had examined the plaintiff on behalf of the defendants. The jury could have reasonably found, as one doctor did, that the plaintiff had "apparently sustained a strain of the neck and a contusion to the low back" and that the other claimed injuries, if any, were not proved to have been caused by this accident. They could also have reasonably concluded that her injuries were not permanent and that she exaggerated her pain and suffering.

Our inquiry on this part of the appeal is clearly outlined by the law. We examine the trial court's rulings on the basis of the evidence printed in the appendices. *Pierce* v. *Albanese,* 144 Conn. 241, 256, 129 A.2d 606; *Palmieri* v. *Macero,* 146 Conn. 705, 707, 155 A.2d 750. Litigants have a constitutional right to have issues of fact determined by the jury. The credibility of witnesses and the weight to be accorded to their testimony lie within the province of the jury.

The jury had a right to accept part of the testimony and to disregard the remainder. We must decide only whether, on the evidence presented, the jury could have fairly reached the conclusion they did. *Desmarais* v. *Pinto,* 147 Conn. 109, 111, 157 A.2d 596; *Butler* v. *Steck,* 146 Conn. 114, 119,

148 A.2d 246. There is nothing in this case to justify the belief that the jury were influenced by ignorance, prejudice, corruption or partiality. The award of damages was reasonable on a permissible view of the evidence, and the court correctly refused to set the verdict aside.

The plaintiff has also assigned as error the court's denial of her motion to set aside the directed verdict for her husband. In reviewing a directed verdict for a defendant, we examine the evidence in the light most favorable to the plaintiff. We also consider the inferences which may reasonably be drawn from this evidence. If there is evidence upon which the jury could have reasonably found liability in accordance with the allegations of the complaint, the court should not have directed the verdict. *Engengro* v. *New Haven Gas Co.,* 152 Conn. 513, 516, 209 A.2d 174; *Bambus* v. *Bridgeport Gas Co.,* 148 Conn. 167, 168, 169 A.2d 265; *Lurier* v. *Danbury Bus Corporation,* 144 Conn. 544, 547, 135 A.2d 597. The plaintiff claims in her brief that "[t]here was evidence to indicate that the Defendant Rickert came to a sudden stop." The basis for this conclusion is the following interrogation of Fraser quoted in the appendix to the brief of the defendant Rickert: "Q.—Did he (Mr. Rickert) make a sudden stop or abrupt stop, a stop that was sharper than normal? A.—I wouldn't call it a real abrupt stop, no. It was a sudden stop, not a real abrupt one for the conditions. Q.—Mr. Rickert made a sudden stop? A.— Yes. Q.—Is that right? A.—I would say so." A passenger in the Fraser car testified that the Rickert vehicle made "an ordinary stop like the rest of the traffic." Another passenger in the Fraser car testified that Rickert made a gradual stop. There was also evidence that the Rickert car began to slow

down before its brake lights went on. On the basis of this testimony the plaintiff claims that a verdict of liability against her husband could have been reached. The plaintiff herself testified, however, that there was nothing in the operation of her husband's car "that in any way contributed to this accident." Her conclusion was concurred in by Fraser and the three passengers in his car. There was no other evidence of Rickert's alleged negligence. Even if negligence could have been found from the above evidence, there was no showing that it was a proximate cause of this collision and the plaintiff's injuries. In fact, the plaintiff herself contradicts this conclusion. If the court had submitted this case to the jury and a verdict had been returned against the defendant Rickert, we are of the opinion that the evidence would have been insufficient to support it.

As we review the case before us, the jury would have been forced to speculate and guess, especially as to the issue of proximate cause. A verdict so rendered would have to be set aside. The court properly directed a verdict in favor of the defendant Rickert. *Bambus* v. *Bridgeport Gas Co.*, 148 Conn. 167, 171, 169 A.2d 265; *Baptist* v. *Shanen*, 145 Conn. 605, 610, 145 A.2d 592; *Currie* v. *Consolidated Ry. Co.*, 81 Conn. 383, 388, 71 A. 356.

There is no error.

In this opinion KING, C. J., ALCORN and HOUSE, Js., concurred; MURPHY, J., concurred in the result.