DONNA JEFFRIES *v.* WILLIE JOHNSON ET AL.
(10199)

FOTI, LAVERY and FREEDMAN, Js.

Argued February 25—decision released May 5, 1992

*Richard G. Kascak, Jr.,* with whom, on the brief, were *Bruce L. Levin* and *Serge G. Mihaly,* for the appellant (named defendant).

*Donald J. McCarthy, Jr.,* for the appellee (plaintiff).

FREEDMAN, J. The named defendant[1] appeals from the judgment of the trial court setting aside the verdict and ordering a new trial. The defendant claims that the trial court improperly set the verdict aside, or in the alternative, that it should have ordered an additur pursuant to General Statutes § 52-228b rather than ordering a new trial.[2] In addition, the defendant urges us to review this matter under a clearly erroneous standard rather than an abuse of discretion standard. We agree with the defendant that the trial court should have ordered an additur rather than ordering a new trial, and therefore set aside the trial court's judgment and remand this matter with direction to determine a reasonable additur.

The jury reasonably could have found the following facts. On October 26, 1986, the defendant, while driving his automobile, was making a left turn into his driveway when a vehicle operated from the opposite direction by the plaintiff collided with his vehicle. The plaintiff suffered physical injuries to her head, neck, back, arm and knee as a result of the accident. At the time of the accident, the plaintiff, who was employed by the Southbury Training School, was out of work and receiving workers' compensation benefits due to a work related injury to her lumbar spine. After the accident

[1] The action against the defendant Ferba Johnson, the owner of the vehicle involved in this case, was withdrawn. As used in this opinion, defendant refers to the named defendant.

[2] General Statutes § 52-228b provides: "No verdict in any civil action involving a claim for money damages may be set aside except on written motion by a party to the action, stating the reasons relied upon in its support, filed and heard after notice to the adverse party according to the rules of the court. No such verdict may be set aside solely on the ground that the damages are excessive unless the prevailing party has been given an opportunity to have the amount of the judgment decreased by so much thereof as the court deems excessive. No such verdict may be set aside solely on the ground that the damages are inadequate until the parties have first been given an opportunity to accept an addition to the verdict of such amount as the court deems reasonable."

the plaintiff began treatment with a chiropractor for injuries to her neck and arm.

Nine months after the accident, the plaintiff consulted Richard Matza, an orthopedic surgeon, complaining of pain and swelling in her right knee. Matza performed an arthrogram that revealed a torn medial meniscus and recommended arthroscopic surgery. After this recommendation but before the surgery was performed, the plaintiff was involved in another accident in which she injured the same knee. Thereafter, Matza performed the arthroscopic surgery.

The plaintiff brought an action seeking money damages for the personal injuries sustained in the accident, as well as damages for her pain and suffering. Matza testified that what he had observed during the surgery was consistent with the trauma caused by the accident with the defendant. He also testified that in his opinion the plaintiff's permanent partial impairment had risen to 15 percent at the time of the trial.

Robert W. Ferraro, also an orthopedic surgeon, examined the plaintiff on behalf of the defendant and reviewed her medical records. Ferraro conducted his examination of the plaintiff after she had been involved in the second, unrelated accident. Ferraro testified that it could not be determined how much of the damage to the plaintiff's knee was caused by the accident with the defendant and how much was caused by the subsequent accident.

The jury returned a verdict in the plaintiff's favor. Pursuant to General Statutes § 52-572h (f), the jury itemized its award. It found the plaintiff's economic damages to be $10,653.79,[3] and found zero to be the

---

[3] This is the exact total amount of the medical bills introduced into evidence by the plaintiff.

amount of the plaintiff's noneconomic damages.[4] The jury further found that the plaintiff was 30 percent contributorily negligent, and thus it awarded her damages in the amount of $7457.65.

Thereafter, the plaintiff moved to set aside the verdict as to damages only, or in the alternative, that the entire verdict be set aside. She argued that the award of damages by the jury was "inadequate, contrary to law and contrary to the evidence." She requested, however, that the verdict not be set aside until the parties had first been given the opportunity to accept a reasonable additur, as determined by the trial court.

The trial court granted the motion to set aside the verdict, declined to order an additur, and ordered a new trial on all issues. The trial court stated in its memorandum of decision that even though both parties argued that "in the event the court is inclined to set the verdict aside, it must order an additur in accordance with [the pertinent provision of § 52-228b]," the court did not agree. The trial court stated that "[t]he problem with the verdict in this case is not that it is inadequate but that it is contradictory and unjust." The court reasoned that the award of economic damages meant that the jury found that the defendant was responsible for all of the plaintiff's injuries but that the failure to award noneconomic damages meant that the jury found that the defendant was responsible for none of the plaintiff's injuries.

---

[4] General Statutes § 52-572h (a) defines "economic damages" as "compensation determined by the trier of fact for pecuniary losses including, but not limited to, the cost of reasonable and necessary medical care, rehabilitative services, custodial care and loss of earnings or earning capacity excluding any noneconomic damages." "Noneconomic damages" are defined in the same subsection as "compensation determined by the trier of fact for all nonpecuniary losses including, but not limited to, physical pain and suffering and mental and emotional suffering."

We first take up the question of the standard of review to be applied in this matter. The defendant recognizes that we typically review the trial court's action regarding a motion to set aside a verdict under the "abuse of discretion" standard. See, e.g., *Creem* v. *Cicero,* 12 Conn. App. 607, 610, 533 A.2d 234 (1987). Nevertheless, he urges us to subject the trial court's action in this regard to a more rigorous standard because its action implicates the parties' right to a jury trial. The defendant urges us to review the trial court's action under the "clearly erroneous" standard set forth in Practice Book § 4061.[5]

Quite recently, our Supreme Court addressed the issue of the proper appellate standard of review when considering the action of a trial court granting or denying a motion to set aside a verdict and motion for a new trial. In *State* v. *Hammond,* 221 Conn. 264, 270, 604 A.2d 793 (1992), the court concluded that the appropriate standard of review was the "abuse of discretion" standard.

We now proceed to determine whether the trial court abused its discretion when it granted the plaintiff's motion to set aside the verdict. "[I]t is the court's duty to set aside the verdict when it finds that it does manifest injustice, and is . . . palpably against the evidence. . . ." (Internal quotation marks omitted.) *Malmberg* v. *Lopez,* 208 Conn. 675, 679–80, 546 A.2d 264 (1988). "[I]f the amount awarded shocks the sense of justice as to what is reasonable, then the inferred conclusion is that the jury was misguided in reaching its decision. . . ." (Internal quotation marks omitted.) Id., 680. "Because a trial court is in a better position

---

[5] Practice Book § 4061 provides in pertinent part: "The supreme court may reverse or modify the decision of the trial court if it determines that the factual findings are clearly erroneous in view of the evidence and pleadings in the whole record, or that the decision is otherwise erroneous in law. . . ."

than an appellate court to determine whether a jury's verdict was improperly influenced, its decision should be given great weight and every reasonable presumption of correctness should be accorded to it." *Brennan* v. *Manlapaz,* 19 Conn. App. 71, 74, 560 A.2d 988 (1989). Here, the trial court, concluded that "if the plaintiff is entitled to a verdict, the one rendered was manifestly inadequate, and the motion to set [it] aside should be granted."

The award of economic damages and the finding of a percentage of contributory negligence on the part of the plaintiff make it abundantly clear that the jury found the plaintiff's injuries were in fact caused by the negligence of the defendant, and that the plaintiff was entitled to more than nominal damages. The problem with the verdict is that "[a]s a general rule, it is manifestly unjust for the jury to fail to award damages for pain and suffering when it awards special damages."[6] *Creem* v. *Cicero,* supra, 611. "The general rule in Connecticut is that where a plaintiff is entitled to recover damages for pain and suffering, an award limited to nominal or special damages is inadequate as a matter of law and should be set aside. [*Malmberg* v. *Lopez,* supra, 681]; *Johnson* v. *Franklin,* 112 Conn. 228, 229, 152 A. 64 (1930)." *Brennan* v. *Manlapaz,* supra.

We therefore agree with the trial court's finding that the verdict was inadequate, and thus hold that it did not abuse its discretion by concluding that the verdict should be set aside.

We now must determine whether the trial court properly ordered a new trial on all issues before giving the parties an opportunity to accept a reasonable additur. General Statutes § 52-228b provides in pertinent part that "[n]o . . . . verdict may be set aside solely on

---

[6] "Special damages" are also known as "economic damages."

the ground that the damages are *inadequate* until the parties have first been given an opportunity to accept an addition to the verdict of such amount as the court deems reasonable." (Emphasis added.)

The trial court mistakenly concluded that the provisions of § 52-228b do not apply in this case. In addressing the parties' request that the court order an additur if it found that the verdict should be set aside, the trial court characterized the jury's verdict as "contradictory and unjust" because it believed that the jury's award of zero noneconomic damages indicated that the jury found that the defendant caused none of the plaintiff's injuries. It thus concluded that it could not order an additur before ordering a new trial because inadequacy of the damages was not the sole grounds for the setting aside of the verdict.

"[T]he jury's intent in finding the issues for the plaintiff, but awarding zero damages, is known only to the jurors, and this court's endorsement of one plausible explanation of the verdict over another would amount merely to speculation." *Malmberg* v. *Lopez,* supra, 683. "A plaintiff's verdict with a nominal damage award ordinarily suggests that the jury found that despite the defendant's liability, the plaintiff failed to prove damages. See, e.g., *Riccio* v. *Abate,* [176 Conn. 415, 418–19, 407 A.2d 1005 (1979)]; *Covey* v. *Willson,* 4 Conn. App. 233, 239, 493 A.2d 290 (1985). The jury's intent in rendering a plaintiff's verdict with zero [noneconomic] damages . . . is far less clear." *Malmberg* v. *Lopez,* supra, 681–82. The trouble with the trial court's reasoning that the jury's award indicates that the defendant caused none of the plaintiff's noneconomic damages is that it disregards other explanations that are also plausible,[7] and for the trial court to select one explanation

---

[7] The defendant hypothesizes that the jury disbelieved the plaintiff's claims of pain and suffering, or in the alternative, that the jury found that the pain and suffering was caused by another trauma or traumas.

over the other is to engage in the type of speculation discountenanced in *Malmberg*.

Indeed, the trial court in the present case described the verdict as "unjust and contradictory" when it discussed why § 52-228b did not apply. It also used the phrase "manifestly inadequate" when concluding that the verdict had to be set aside. We do not see any meaningful distinction between "unjust" and "inadequate" as the terms are used in this matter. The trial court's additional use of the word "contradictory" does not serve to remove the facts of this case from the scope of § 52-228b. The verdict is contradictory only if we assume, as the trial court did, that the jury, in awarding zero noneconomic damages, found that none of the plaintiff's injuries was caused by the defendant, an assumption that *Malmberg* instructs we are not permitted to make. We hold, therefore, that the trial court should not have set aside the verdict and ordered a new trial until it had given the parties the opportunity to accept an addition to the verdict in such amount as the trial court deemed reasonable.

The judgment is set aside and the case is remanded to determine a reasonable additur, to give the parties an opportunity to accept the additur and only if they do not accept the additur to set aside the verdict and to order a new trial as to all issues.

In this opinion the other judges concurred.