HARRY CHILDS *v.* FRANK BAINER
(12693)

O'CONNELL, LANDAU and FREEDMAN, Js.

Argued March 31—decision released August 2, 1994

*James A. Mulhall, Jr.,* with whom was *Kevin T. Nixon, Sr.,* for the appellant (plaintiff).

*Karen P. Blado,* with whom, on the brief were *Robert R. Simpson* and *David Sylvestre,* for the appellee (defendant).

FREEDMAN, J. The plaintiff appeals following the trial court's denial of his motion to set aside the verdict and for an additur.[1] On appeal, the plaintiff claims that the trial court improperly denied his motion because an award for economic damages coupled with an award of zero noneconomic damages is inadequate as a matter of law. We agree.

The plaintiff commenced an action against the defendant seeking damages for personal injuries arising out of a collision of automobiles operated by the plaintiff and the defendant. The matter was tried to a jury, which returned a verdict for the plaintiff. The jury awarded the plaintiff $3649 in economic damages and zero in noneconomic damages.[2] The plaintiff filed a motion pursuant to General Statutes § 52-228b[3] requesting the trial court to order an additur and, if

---

[1] Although the defendant titled its motion "Plaintiff's motion to set aside verdict as to damages only and for additur," it is clear that pursuant to General Statutes § 52-228b "[n]o such verdict may be set aside solely on the ground that the damages are inadequate until the parties have first been given an opportunity to accept an addition to the verdict of such amount as the court deems reasonable."

[2] General Statutes § 52-572h (a) (1) defines "economic damages" as "compensation determined by the trier of fact for pecuniary losses including, but not limited to, the cost of reasonable and necessary medical care, rehabilitative services, custodial care and loss of earnings or earning capacity excluding any noneconomic damages . . . ." Section 52-572h (a) (2) defines "noneconomic damages" as "compensation determined by the trier of fact for all nonpecuniary losses including, but not limited to, physical pain and suffering and mental and emotional suffering . . . ."

[3] General Statutes § 52-228b provides: "No verdict in any civil action involving a claim for money damages may be set aside except on written motion by a party to the action, stating the reasons relied upon in its support, filed and heard after notice to the adverse party according to the rules of the court. No such verdict may be set aside solely on the ground that the damages are excessive unless the prevailing party has been given an opportunity to have the amount of the judgment decreased by so much thereof as the court deems excessive. No such verdict may be set aside solely on the ground that the damages are inadequate until the parties have first been given an opportunity to accept an addition to the verdict of such amount as the court deems reasonable."

the defendant failed to accept the additur, requesting the trial court to set aside the verdict as to damages only. The trial court denied the motion, and this appeal followed.

The parties do not dispute the fact that the plaintiff submitted evidence of medical bills totaling $5129 and a claim for lost wages totaling $14,000.

The plaintiff specifically claims that the award of $3649 in economic damages, which is more than nominal damages,[4] coupled with an award of zero noneconomic damages in an action seeking damages for personal injuries is inadequate as a matter of law.

"In reviewing the trial court's refusal to set aside the verdict, our task is limited to determining whether the court abused its discretion. . . . Because a trial court is in a better position than an appellate court to determine whether a jury's verdict was improperly influenced, its decision should be given great weight and every reasonable presumption of correctness should be accorded to it. . . . A jury's verdict should not be set aside unless it so shock[s] the sense of justice as to compel the conclusion that the jury was influenced by partiality, prejudice, mistake or corruption. . . . A reviewing court, however, must set aside the verdict if it is manifestly unjust and palpably against the evidence." (Citations omitted; internal quotation marks omitted.) *Brennan* v. *Manlapaz,* 19 Conn. App. 71, 74, 560 A.2d 988 (1989).

By returning a verdict in favor of the plaintiff and awarding economic damages in the amount of $3469, it is clear that the jury found that at least some of the economic losses suffered by the plaintiff were proxi-

---

[4] " 'Generally, nominal damages are fixed without regard to the extent of harm done and are assessed in some trifling or trivial amount . . . .' " *Creem* v. *Cicero,* 12 Conn. App. 607, 611, 533 A.2d 234 (1987).

mately caused by the negligence of the defendant. In an action seeking damages for personal injuries, the general rule is that it is manifestly unjust for the jury to fail to award damages for pain and suffering when it awards economic damages. *Creem* v. *Cicero,* 12 Conn. App. 607, 611, 533 A.2d 234 (1987); *Jeffries* v. *Johnson,* 27 Conn. App. 471, 476, 607 A.2d 443 (1992). In addition, as a general rule, where a plaintiff is entitled to recover damages for personal injuries, an award limited to economic damages only is inadequate as a matter of law and should be set aside. *Johnson* v. *Franklin,* 112 Conn. 228, 229, 152 A. 64 (1930); *Brennan* v. *Manlapaz,* supra, 19 Conn. App. 74; *Jeffries* v. *Johnson,* supra, 27 Conn. App. 476.

The trial court, in its memorandum of decision denying the motion to set aside the verdict and order an additur, found that the verdict was not manifestly unjust and opined that this court in *Creem* and *Jeffries* improperly stated the holding in *Johnson* v. *Franklin,* supra, 112 Conn. 228. We do not agree. In *Johnson* v. *Franklin,* supra, 229, the jury returned verdicts for each of the three plaintiffs in "the exact amount of the special damages proved." The trial court treated the verdicts as an award of nominal damages and, therefore, in the nature of a verdict for the defendant. Our Supreme Court found that the verdicts were not nominal but were, in fact, substantial and held that "[i]f the plaintiffs were entitled to recover damages for their injuries the verdicts are manifestly inadequate and should have been set aside . . . ." Id., 229. We conclude that, here, the award of economic damages of $3649, which is clearly more than nominal damages, coupled with an award of zero noneconomic damages is inadequate as a matter of law and, therefore, that the trial court improperly denied the motion for an additur.

The plaintiff asks that if the verdict is set aside, it be set aside as to damages only. "[T]he jury's intent in finding the issues for the plaintiff [awarding economic damages], but awarding zero [noneconomic] damages, is known only to the jurors, and this court's endorsement of one plausible explanation of the verdict over another would amount merely to speculation. Such ambiguity requires a rehearing in full, on both liability and damages." *Malmberg* v. *Lopez,* 208 Conn. 675, 683, 546 A.2d 264 (1988); see also *Ginsberg* v. *Fusaro,* 225 Conn. 420, 623 A.2d 1014 (1993). We conclude, therefore, that if the verdict is set aside it should be set aside as to all issues.

The judgment is reversed and the case is remanded for further proceedings to determine a reasonable additur for noneconomic damages, to give the parties an opportunity to accept the additur, and, if they do not accept the additur, a new trial is ordered as to all issues.

In this opinion the other judges concurred.