[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In the present case, a slip and fall case, the jury awarded the plaintiff $4,600.00 in economic damages and $0 in noneconomic damages. Pursuant to General Statutes § 52-228b, the plaintiff filed a motion to set aside the verdict and a motion for additur, which were denied by the court (Sylvester, J.) on July 15, 1994 and July 25, 1994, respectively. The plaintiff argued in these motions that an award of economic damages coupled with an award of zero noneconomic damages is inadequate as a matter of law. On August 2, 1994, the Appellate Court released the decision in Childs v. Bainer, 35 Conn. App. 301, ___ A.2d ___ (1994), which clarified the issues addressed by the plaintiff's motions. The plaintiff, in the present motion to reconsider the motion for additur and to set aside the judgment, alerts the court to the holding in Childs v. Bainer, supra,35 Conn. App. 301.
A trial court, in reviewing a motion to set aside a verdict, "must set aside the verdict if it is manifestly unjust and palpably against the evidence." (Citations omitted; internal quotation marks omitted.) Childs v. Bainer, supra,35 Conn. App. 303.
 In an actin seeking damages for personal injuries, the general rule is that it is manifestly unjust for the jury to fail to award damages for pain and suffering when it awards economic damages. . . . In addition, as a general rule, where a plaintiff is entitled to recover damages for personal injuries, an award limited to economic damages only is inadequate as a matter of law and should be set aside.
(Citations omitted.) Id., 304.
Based on the foregoing, the court grants the plaintiff's motion to reconsider. Pursuant to General Statutes § 52-228b, "[n]o . . . verdict [in any civil action involving a claim for money damages] may be set aside solely on the ground that the damages are inadequate until the parties have first been given an opportunity to accept an addition to the verdict as the court deems reasonable." See also Jeffries v. Johnson, 27 Conn. App. 471,476, 607 A.2d 443 (1992) (it was error for trial court to CT Page 8991 set aside the verdict and order new trial until it had given the parties opportunity to accept an addition to the verdict in such amount as the trial court deemed reasonable). Accordingly, the court hereby proposes an additur in the amount of $4,000.00, reduced by the 45% comparative negligence found by the jury, for a net additur of $1,100.00, which amount the trial court deems reasonable. In addition, if the parties do not accept the additur, the court shall set aside the verdict and order a new trial as to all issues. See Child v. Bainer, 35 Conn. App. 305.
/s/ Sylvester, J. SYLVESTER