[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 1588-X
On December 20, 1994 the jury in this negligence action awarded the plaintiff $6,029.00 as economic damages after assessing 50% liability to the plaintiff. However, it awarded no economic damages to him.
Pursuant to § 52-2286 of the general statutes, plaintiff now seeks a reasonable additur. Alternatively, should same be unacceptable to either party, plaintiff seeks to have the verdict, as to damages only, set aside.
While there is no mathematical formula for computing the amount of damages which is reasonable, in a personal injury case; and, while the reasonableness of a verdict in such a case must be determined by the facts peculiar to it, Jerz v.Humphrey, 160 Conn. 219 (1971); Wochek v. Foley, 193 Conn. 582
(1984); the rule governing the present case provides that it is manifestly unjust for the jury to fail to award damages for pain and suffering when it awards special damages. Chiles v. Bainer,
CT Page 1588-Y35 Conn. App. 301 (1994); Creem v. Cicero, 12 Conn. App. 607
(1987), Johnson v. Franklin, 112 Conn. 228 (1930). Consequently, the jury's award in the instant case is inadequate.
Therefore, pursuant to § 52-2286 which provides, in pertinent part,
 "[n]o . . . verdict in any civil action involving a claim for money damages may be set aside solely on the ground that the damages are inadequate until the parties have first been given an opportunity to accept an addition to the verdict as the court deems reasonable",
the court hereby proposes a reasonable addition in the amount of $1,500.00. If the parties do not accept same within 30 days of the date hereof, the court shall set aside the verdict and order a new trial.
WEST, J. CT Page 1588-Z