[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO SET ASIDEVERDICT AND/OR JUDGMENT AND ALTERNATIVELY FOR ADDITUR NO. 121
The plaintiff has moved to set aside the verdict and/or judgment and, alternatively, for additur, on the ground that the jury awarded economic damages but failed to award noneconomic damages.
On July 12, 1991, the plaintiff, Dikran Yapoujian, filed this automobile negligence action against the defendant, David Menashi. On December 1, 1994, the jury trial in this matter commenced and, on December 9, 1994, upon completion of the evidence, the court gave its charge to the jury. Prior to the jury retiring for its deliberations, the court presented the jury foreman with a form entitled "Plaintiff's Verdict" containing special interrogatories breaking the damages award down between economic damages, including compensation for pecuniary losses, medical care and lost wages, and noneconomic damages, including compensation for all non-pecuniary losses, pain and suffering and permanent disability. On December 9, 1994, the jury rendered a verdict for Yapoujian in the amount of $880.55 for economic damages and zero for noneconomic damages.[1] On December 9, 1994, this court entered judgment for Yapoujian on the jury's verdict.
On December 14, 1994, within the time required by Practice Book, Sec. 320, Yapoujian filed his motion to set aside verdict and/or judgment and, alternatively, for additur, arguing that where a jury awards a plaintiff in a personal injury action economic damages, other than nominal damages, and fails to award a sum for noneconomic damages, the verdict is plainly inadequate as a matter of law. Menashi has filed no memorandum in opposition to Yapoujian's motion. On February 27, 1995, this court heard oral argument on Yapoujian's motion. Yapoujian relied mainly on the arguments contained in his brief. Menashi argued that under Connecticut law, the jury is the final arbiter of all the facts, including damages, and that its determination should be given great deference by this court. CT Page 4156
A motion to set aside the verdict, or for an additur, is governed by General Statutes, Sec. 52-228b, that provides, in pertinent part, "[n]o verdict in any civil action involving a claim for money damages may be set aside except on written motion by a party to the action, stating the reasons relied upon in its support. . . . No such verdict may be set aside solely on the ground that the damages are . . . inadequate until the parties have first been given an opportunity to accept an addition to the verdict of such amount as the court deems reasonable." The trial court is granted broad legal discretion in ruling on a motion to set aside a verdict. Palomba v. Gray, 208 Conn. 21, 24,543 A.2d 1331 (1988).
A mere doubt as to the adequacy of the verdict or a conclusion that the jury exercised poor judgment is an insufficient ground to order an additur. Wochek v. Foley,193 Conn. 582, 587, 477 A.2d 1015 (1984). "`The only practical test to apply to a verdict is whether the award of damages falls somewhere within the necessarily uncertain limits of fair and reasonable compensation in the particular case, or whether the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption.'" Wood v. Bridgeport, 216 Conn. 604,611, 583 A.2d 124 (1990), quoting Slabinski v. Dix,138 Conn. 625, 629, 88 A.2d 115 (1952). The court "must set aside the verdict if it is manifestly unjust and palpably against the evidence." Childs v. Bainer, 35 Conn. App. 301, 303,645 A.2d 1041 (1994).
Yapoujian argues that it is manifestly unjust for the jury, who found negligence on the part of Menashi, to award $880.55 in economic damages and nothing in noneconomic damages.
In Childs v. Bainer, supra, 303-04; the Appellate Court held that "[b]y returning a verdict in favor of the plaintiff and awarding economic damages in the amount of $3,469, it is clear that the jury found that at least some of the economic losses suffered by the plaintiff were proximately caused by the negligence of the defendant. In an action seeking damages for personal injuries, the general rule is that it is manifestly unjust for the jury to fail to award damages for pain and suffering when it awards economic damages." The court went on to state that "[i]n addition, as a general rule, where a plaintiff is entitled to recover damages for personal injuries, an award limited to economic damages only is inadequate as a matter of law CT Page 4157 and should be set aside." Id., 304.
In Childs, the plaintiff submitted evidence of medical bills totaling $5,129 and a claim for lost wages totaling $14,000, and the jury returned a plaintiff's verdict for 19.1 percent of the economic damages claimed by the plaintiff and zero for the claimed noneconomic damages. In the present case, Yapoujian's medical bills admitted at trial totalled $3,585.90 and he testified that his lost wages amounted to roughly $660. Yapoujian's total claimed economic damages were $4,245.90. The jury returned a verdict for Yapoujian in the amount of $880.55, or 20.7 percent of his claimed economic damages and zero for the claimed noneconomic damages. The overall percentage of economic damages awarded in this case is greater than in Childs. Based on the award of economic damages, the jury here must have found, as they did in Childs, that "at least some of the economic losses suffered by the plaintiff were proximately caused by the negligence of the defendant." Id., 303-04. Therefore, the jury's verdict in this case cannot be considered solely nominal damages. See Johnson v. Franklin, 112 Conn. 228, 230, 152 A. 64 (1930) ("[n]ominal damages mean no damages. They exist only in name and not in amount"); see also Creem v. Cicero, 12 Conn. App. 607,611, 533 A.2d 234 (1987) ("[g]enerally, nominal damages are fixed without regard to the extent of harm done and are assessed in some trifling or trivial amount — often only one cent or one dollar . . .").
Based on the jury's verdict, the court concludes that here the award of economic damages of $880.55, which is clearly more than nominal damages, coupled with an award of zero noneconomic damages, is inadequate as a matter of law and, therefore, Yapoujian's motion for additur is granted. Childs v. Bainer,
supra, 304; see also Malmberg v. Lopez, 208 Conn. 675, 681,546 A.2d 264 (1988) (where the plaintiff is entitled to recover for personal injures, an award limited to economic damages is insufficient as a matter of law); Jeffries v. Johnson, 27 Conn. App. 471,476, 607 A.2d 443 (1992) (holding that an award for substantial economic damages and zero noneconomic damages is insufficient as a matter of law).
Therefore, the court, pursuant to the dictates of General Statutes, Sec. 52-228b and Childs v. Bainer, supra, 305, grants Yapoujian's motion for additur and sets the matter down for a hearing as to the appropriate amount of the additur. CT Page 4158
Riefberg, J.