[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO SET ASIDE THE VERDICT
The plaintiff, Ms. Lisette Levesque, brought this action against the defendant, Allstate Insurance Company (Allstate), under the provisions of her underinsured motorist coverage contained within an automobile insurance policy issued by Allstate to Levesque. Allstate admitted that the underinsured motorist was responsible for the automobile accident with Levesque. Allstate, however, strongly contested whether Levesque suffered any injuries that were proximately caused by the automobile accident. Accordingly, the matter was tried to the jury in the nature of a hearing in damages.
The case was fully tried by both parties. After the conclusion of the evidence, the court charged the jury and retired them for deliberation. The jury executed and returned a standard jury verdict form and therein awarded Levesque $22,500.00 in economic damages and $0.00 in non-economic damages. The court accepted the jury verdict and ordered it recorded.
Thereafter, pursuant to Practice Book § 320, Levesque filed a motion to set aside the verdict on the grounds that the verdict is contrary to the law and the evidence presented by the parties in the case. Levesque argues that the law is well-settled in the State of Connecticut that it is manifestly unjust and inadequate for a jury to fail to award damages for pain and suffering when it awards special damages. In support of this assertion, Levesque; cites to Malmberg v. Lopez, 208 Conn. 675, 546 A.2d 264 (1988);Johnson v. Franklin, 112 Conn. 228, 152 A. 64 (1930); Childs v.Bainer, 35 Conn. App. 301, 645 A.2d 1041, cert. granted, 231 Conn. 924,___ A.2d ___ (1994); and, Jeffries v. Johnson, 27 Conn. App. 471,607 A.2d 443 (1992).
In opposition, Allstate argues that Levesque's motion to set aside the verdict should be denied because Allstate has a constitutional right to have factual issues decided by the jury, and the jury reasonably found that Levesque failed to prove that any non-economic damages resulted from the automobile accident. Allstate argues that a verdict should only be set aside if the verdict shocks the sense of justice. Allstate argues that the verdict in this case should not be set aside because, based on the evidence before the jury, the jury could reasonably have determined that Levesque was not entitled to any award for non-economic CT Page 5904 damages. Therefore, the verdict does not shock the sense of justice. Allstate urges the court to review the evidence that was presented to the jury, the fact-finder in this case, and argues that based on the evidence the jury could reasonably have concluded that Levesque failed to prove that she was entitled to any award of non-economic damages. Furthermore, Allstate argues that the holding of Childs v. Bainer, supra, cited by Levesque, sets forth a "general rule" that a verdict awarding economic damages but not non-economic damages is manifestly unjust. Allstate argues that general rules are subject to limited exceptions; and the particular facts of this case, as presented through the evidence, warrants an exception from the general rule.
Based on the following analysis, the court agrees with Allstate that the jury could reasonably have found that Levesque failed to prove that she suffered any non-economic damages. Therefore, the court denies Levesque's motion to set aside the verdict.
DISCUSSION
The jury system was introduced in this country by the english colonists and "is regarded as a basic and fundamental feature of American jurisprudence, and has, since the organization of our government, been incorporated in the form of express guaranties in the constitutions of both state and federal governments. . . ." (Footnotes omitted.) 50 C.J.S., Juries § 9 (1947). "In cases tried by jury the court and jury have separate and distinct functions. It is the province of the court to determine and decide questions of law presented at trial, and to state the law to the jury, and the province of the jury to decide or determine the facts of the case from the evidence adduced and to render a verdict in accordance with the instructions given by the court." 47 Am.Jur.2d, Jury § 2 (2d ed. 1995).
The importance of the jury as the fact finder in our system of jurisprudence cannot be overstated. "The purpose of a jury is to guard against the exercise of arbitrary power, to make available the common sense judgment of the community in preference to the professional or perhaps over-conditioned or bias response of a judge." Id., citing Whaley v. Keystone Life Ins. Co., 811 P.2d 404
(Colo.App. 1990). Maintenance of the jury as the fact finding body is of such importance and occupies so firm a place in our history and jurisprudence that this court is of the opinion that a court should hesitate and exercise great caution before substituting its CT Page 5905 singular, individual opinion in the place of the collective decision of a jury faithfully exercising its duty under the law.
As argued by Allstate, it is well established that under the Connecticut constitution "[l]itigants have a constitutional right to have factual issues resolved by the jury." Seals v. Hickey,186 Conn. 337, 350, 441 A.2d 604 (1982), citing Dacey v.Connecticut Bar Assn., 170 Conn. 520, 540, 368 A.2d 125 (1976);Michaud v. Gurney, 168 Conn. 431, 434, 362 A.2d 857 (1975); Cicerov. E.B.K., Inc., 166 Conn. 490, 494, 352 A.2d 309 (1974); Spencerv. Good Earth Restaurant Corp., 164 Conn. 194, 198, 319 A.2d 403
(1972); Pinto v. Spigner, 163 Conn. 191, 198, 302 A.2d 266 (1972);Ardoline v. Keegan, 140 Conn. 552, 555, 102 A.2d 352 (1954);Robinson v. Backes, 91 Conn. 457, 460, 99 A. 1057 (1917). This constitutional right embraces "the right to have the jury, rather than the court, pass upon the factual issue of damages, when there is reasonable room for a reasonable difference of opinion among fair-minded men as to the amount which should be awarded. The question of damages in personal injury cases, especially in these times of changing values, is always a difficult one." Id., at 351.
Thus, "[t]here are serious constitutional issues posed by, setting aside a jury verdict." Zarrelli v. Barnum FestivalSociety, Inc., 6 Conn. App. 322, 326, 505 A.2d 25, cert. denied,200 Conn. 801, 509 A.2d 516 (1986). The constitutional right to have the jury determine factual issues "is `one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of trial by jury includes the right to have issues of fact as to which there is room for a reasonable difference of opinion among fairminded men passed upon by the jury and not by the court.' Camp v. Booth, 160 Conn. 10,13, 273 A.2d 714 (1970); Seals v. Hickey, [186 Conn. 337,] 352;Zarrelli v. Barnum Festival Society, Inc., 6 Conn. App. 322, 326,505 A.2d 25, cert. denied, 200 Conn. 801, 509 A.2d 516 (1986)."Mather v. Griffin Hospital, 207 Conn. 125, 138, 540 A.2d 666
(1988).
Therefore, "a court should be hesitant to set aside a jury's verdict and must only do so when the jury verdict so shocks the sense of justice as to compel the conclusion that the jury was influenced by partiality, prejudice, mistake or corruption." (Internal brackets and quotation marks omitted.) Creem v. Cicero,12 Conn. App. 607, 609-10, 533 A.2d 234 (1987). "The court serves a supervisory function vis-a-vis the jury. . . . In passing upon a motion to set aside the verdict, the trial judge must do just what CT Page 5906 every juror ought to do in arriving at a verdict. The juror must use all his experience, his knowledge of human nature, his knowledge of human events, past and present, his knowledge of the motives which influence and control human action, and test the evidence in the case according to such knowledge and render his verdict accordingly. A juror who did not do this would be remiss in his duty. The trial judge in considering the verdict must do the same, or fail in the discharge of that function which the law has laid upon him; and if, in the exercise of all his knowledge from this source, he finds the verdict to be so clearly against the weight of the evidence in the case as to indicate that the jury did not correctly apply the law to the facts in evidence in the case, or were governed by ignorance, prejudice, corruption, or partiality, then it is his duty to set aside the verdict." Statev. Hammond, 221 Conn. 264, 267-68, 604 A.2d 793 (1992).
In the present case, the court, using all its experience, its knowledge of human nature, its knowledge of human events, past and present, its knowledge of the motives which influence and control human action, cannot find that the verdict awarding zero non-economic damages is so clearly against the weight of the evidence presented in this case concerning the issue of non-economic damages as to indicate that the jury did not correctly apply the law to the facts in evidence in the case, or were governed by ignorance, prejudice, corruption, or partiality. Id. The court therefore concludes that the jury properly exercised its duty as charged by the court because, based on the evidence presented, it was reasonable for the jury to find that the plaintiff failed to prove that she suffered any non-economic damages as a result of the accident.
It is significant to this decision that Allstate did not contest that the underinsured motorist was responsible for the automobile accident. This is a crucial fact to the court's decision to deny the motion to set aside the verdict. Because Allstate admitted that the underinsured motorist was liable for the automobile accident with Levesque, the court is able to focus its attention on reviewing and testing the evidence presented by the parties concerning the plaintiff's alleged non-economic damages. Compare Malmberg v. Lopez, supra 208 Conn. 675 (where the issue of liability was contested; therefore, the court could only speculate as to whether the jury determined that the plaintiff failed in her proof of non-economic damages or was confused as to the rules of liability). The court is able to focus its attention on such evidence because the issue of liability was not contested, and CT Page 5907 thus, there is no question as to whether the jurors were "confused about the proper measure of damages or whether they were confused about the proper rules for determining liability, or both." SeeMalmberg v. Lopez, 208 Conn. 675, 682-83, 546 A.2d 264 (1988). Indeed, where the issue of liability is contested, the jury's reason or reasons for rendering a verdict awarding economic damages but awarding zero non-economic damages is far from clear and the court could only speculate and venture a guess. Id. Such is not the case here. The jury's verdict awarding zero non-economic damages in this case stands or falls based on whether the jury, in testing the evidence presented in the case concerning non-economic damages, could reasonably have found that the plaintiff failed in her proof of the issue. Compare id.
The facts of this case are more akin to the situation inRickert v. Fraser, 152 Conn. 678, 211 A.2d 702 (1965). In Rickertv. Fraser, the plaintiff was also allegedly injured as a result of an automobile accident. The Supreme Court noted that as to the issue of the plaintiff's injuries and the pain and suffering therefrom, the testimony and evidence presented was "conflicting to such an extent that the jury could have refused to credit the plaintiff's claims. . . . [The jury] could also have reasonably concluded that [the plaintiff's] injuries were not permanent and that she exaggerated her pain and suffering." Id. at 680-81. The Supreme Court therefore declined to find error in the trial court's refusal to set aside a jury verdict of $2,500.00, even though there was evidence in the record that the plaintiff lost wages in the amount of $2,719.20, and incurred medical expenses of $755.27. The court stated that:
 . . . Litigants have a constitutional right to have issues of fact determined by the jury. The credibility of witnesses and the weight to be accorded to their testimony lie within the province of the jury.
 The jury had a right to accept part of the testimony and to disregard the remainder. [The court] must decide only whether, on the evidence presented, the jury could have fairly reached the conclusion they did. . . . There is nothing in this case to justify the belief that the jury were influenced by ignorance, prejudice, corruption or partiality. The award of damages was reasonable on a permissible view of the evidence, and the court correctly refused to set aside the verdict. CT Page 5908 (Citations omitted.) Id. at 681.
In the present case, the evidence before the jury concerning Levesque's non-economic damages was conflicting at best. Levesque testified that she suffered an injury to her right arm and right shoulder as a result of the automobile accident. There was evidence, however, that the injury to Levesque's right arm and right shoulder were injuries pre-existing the automobile accident that is the subject of this litigation. Moreover, Levesque testified that the accident caused her pain in her shoulder and right arm. There was evidence, however, that Levesque was suffering from the claimed discomfort prior to the automobile accident. Notably, Levesque's own treating physician could not objectively verify any of the plaintiff's claimed additional pain resulting from the automobile accident.
Therefore, the court is of the opinion, after listening to the evidence presented in this action by Levesque and Allstate, that it was reasonable for the jury to conclude that the accident caused Levesque to incur additional medical expenses for the treatment of a pre-existing injury. Thus, the jury properly awarded Levesque the amount of her claimed medical expenses. Likewise, however, it was reasonable for the jury to conclude that the alleged shoulder and arm injuries were pre-existing conditions and that Levesque failed to prove that any additional pain and suffering to her arm and shoulder resulted from the accident with the underinsured motorist. It was within the province of the jury to weigh the credibility of the evidence presented by the parties. Id. It is clear to the court that the jury did not find the testimony of Levesque credible. From the vantage point of the bench, the court cannot conclude that this permissible jury determination was influenced by ignorance, prejudice, corruption, or partiality.State v. Hammond, supra 221 Conn. 267-68.
Furthermore, as a further testament to the propriety of the jury's determination that, based on the evidence, Levesque was not entitled to any non-economic damages, counsel for the plaintiff, during oral argument on the instant motion to set aside the verdict, stated that if the jury in this case returned with an award of $10.00 or $100.00 for non-economic damages, then the plaintiff would not have filed the instant motion to set aside the verdict. Hence, implicitly the plaintiff is acknowledging that the evidence in the case concerning the existence of any non-economic damages was weak at best, because the plaintiff failed to argue that an award of $10.00 would have shocked the sense of justice as CT Page 5909 to compel a finding that the jury failed to apply the law to the evidence of the case. Indeed, the plaintiff's memorandum of law is void of any suggestion that the jury disregarded the evidence in the case.
Yet, incredibly, citing to Childs v. Bainer, the plaintiff argues that the court must set aside the verdict since the jury returned an award of zero dollars in non-economic damages, ten dollars less than an award the plaintiff herself would have deemed reasonable based on the evidence before the jury. See Childs v.Bainer, supra 35 Conn. App. 301. The holding of Childs v. Bainer
should not be distorted to provide a plaintiff with a technical mechanism to set aside a just and reasonable verdict by the jury.Childs v. Bainer announced that ordinarily a verdict awarding economic damages, but failing to award non-economic damages, is inadequate as a matter of law. The court stated, "as a generalrule, where a plaintiff is entitled to recover damages for personal injuries, an award limited to economic damages only is inadequate as a matter of law and should be set aside." (Emphasis added.) Id. at 304, citing Johnson v. Franklin, 112 Conn. 228, 229,152 A. 64 (1930). The appellate court did not create an absolute rule, but instead a general rule, because it realized that there could be circumstances that would warrant an exception from the general rule. Childs v. Bainer simply flagged a verdict that, in the majority of cases, is inadequate as a matter of law.
This case, however, is an exception to the rule. "It is a well recognized principle that where a new trial would be ineffectual to obtain substantial relief, it may be denied, although technical grounds for granting it may exist." Johnson v.Franklin, 112 Conn. 231. In the present case, the plaintiff had her day in court, with the opportunity to present evidence concerning any suffered non-economic damages caused by the automobile accident. The jury listened intently. From the vantage point of the trial bench, this presiding judge, sensing the atmosphere of the trial and also listening intently to the evidence, cannot conclude, in the exercise of its discretion, that the jury did not correctly apply the law to the facts in evidence in the case, or were governed by ignorance, prejudice, corruption, or partiality. See Birgel v. Heintz, 163 Conn. 23, 26,301 A.2d 249 (1972); Zarrelli v. Barnum Festival Society, Inc., supra, 327.
Accordingly, the plaintiff's motion to set aside the verdict is denied. CT Page 5910
HIGGINS, J.