[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS TO SET ASIDE VERDICTS
I
 Introduction and Factual Background
 A.
The plaintiffs Karen and Randall Simard, passenger and driver, respectively, have brought the present action seeking damages for personal injuries allegedly resulting from a car accident which occurred in Farmington, Connecticut on September 19, 1990. The defendant Maryland Casualty Co. was the owner and the defendant David Bennett was the driver of the car which collided with that of plaintiffs.
The case was tried to the jury and on May 12, 1995, the jury returned a verdict in the sum of $3390 ($3390 in economic damages, $0 in non-economic damages) for Karen Simard and a defendant's verdict as to Randall Simard. Neither party had requested interrogatories and none were submitted to the jury. No exceptions had been taken to the court's charge.
On May 9, 1995, the plaintiffs moved to set aside the CT Page 11881 verdicts on the grounds that they were contrary to the evidence and to Connecticut law.
 B.
While Mr. Bennett had no memory of the accident, Mr. Simard testified that while traveling north on New Britain Avenue at the intersection of Meadow Road, Mr. Bennett proceeded through a stop sign and collided with his car. He stated that it was raining that night and there was no stop sign for traffic proceeding in his direction. Mr. Simard also testified that the defendant admitted to him at the accident scene that he did not see the stop sign. The plaintiff estimated his own speed between 35 to 40 miles per hour — in excess of the posted speed limit of 35 miles per hour. The front end of the defendant's vehicle collided with the front end of the plaintiffs' vehicle.
Mr. Simard testified that as a result of the accident he suffered back injuries and sustained economic damages of $40,894.00 for medical treatment, including back surgery and lost wages. Karen Simard's testimony concerning the accident was similar to her husband's. She also claimed damages of $11,589 for medical treatment and $1,945.68 for lost wages.
 II Discussion
 A.
The decision to set aside a jury verdict is within the discretion of trial court. Ginsberg v. Fusaro, 225 Conn. 420, 425
(1993). A verdict should be set aside "where the manifest injustice of the verdict is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles, or as to justify the suspicion that the jurors or some of them were influenced by prejudice, corruption or partiality." (Internal quotation marks omitted). AmericanNational Fire Ins. Co. v. Schuss, 221 Conn. 768, 774 (1992).
The trial court should be hesitant to set aside a verdict,Donahue v. State, 27 Conn. App. 135, 139 (1992) and the trial court must give the evidence "the most favorable consideration in support of the verdict of which it is reasonably capable."Shelnitz v. Greenberg, 200 Conn. 58, 67 (1986). "[A] verdict CT Page 11882 should not be set aside when it is apparent that some evidence exists upon which the jury might have reasonably reached its conclusion." Klingeman v. MacKay, 25 Conn. App. 217, 225 (1991).
 B.
This court recognizes that the lion's share of evidence came from the plaintiffs. As the defendant had essentially no recollection of the collision, Randall and Karen Simard provided the jury with the facts. The question becomes one of weight; did the jury believe Mr. and Mrs. Simard? "The credibility of the witnesses is solely within the province of the jury." Martino v.Palladino, 143 Conn. 547, 548 (1956). "[I]t is only in a rare case, for instance, that, as a matter of law, it can be said that the jury are compelled to accept as true the plaintiff's evidence supporting the essential allegations of his complaint, even if it appears such evidence might be uncontradicted." Nielson v.D'Angelo, 1 Conn. App. 239, 247 (1984) citing Silva v. Hartford,141 Conn. 126, 127-28 (1954).
In this case, the jury heard and viewed Mr. Simard during cross-examination as he attempted to explain the inconsistencies between a job application and his resume with his in-court testimony.[1] They heard his testimony about playing basketball and about the origins of his back problems. Additionally, they heard Mr. Simard's statement that he was driving between 35-40
miles per hour on that rainy night while the speed limit was 35 miles per hour. Moreover, Mrs. Simard testified that she was working for Colonial Realty at the time of the accident and there were questions about her attendance record. The jury heard her doctor's testimony concerning her positive response to medical treatment. Apparently the jury "did not buy the plaintiff's testimony and his supporting medical evidence that he was injured at all in the accident." Murteza v. State, 7 Conn. App. 196, 210
(1986).
Under the general verdict rule, the jury is presumed to have found all issues in favor of the defendants. Gajewski v. Pavelo,229 Conn. 829, 835 (1994). In Palomba v. Gray, 208 Conn. 21, 24
(1988), the court stated that
 . . . [The trial court] should not set aside a verdict where it is apparent that there was some evidence upon which the jury might reasonably reach their CT Page 11883 conclusion, and should not refuse to set it aside where the manifest injustice of the verdict is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles, or as to justify the suspicion that they or some of them were influenced by prejudice, corruption or partiality.
 C.
Karen Simard also seeks to set aside her verdict arguing that the jury's failure to award noneconomic damages requires an additur, pursuant to General Statutes § 52-228b, or a new trial. Such was seemingly the law at trial under Childs v.Bainer, 35 Conn. App. 301 (1994) where it was held that an award of economic damages coupled with an award of zero noneconomic damages was inadequate as a matter of law. In such a situation General Statutes § 52-228b allows a prevailing party to seek an additur and "to give the parties an opportunity to accept the additur and if they do not accept the additur, a new trial is ordered as to all issues." Childs v. Bainer, supra, 35 Conn. App. 305. This court initially ordered an additur in the sum of $20,000 on July 28, 1995 but on its own motion that same day and prior to even mailing notice to the parties, it vacated the additur. Further conferences were then held with the parties.
On August 15, 1995, the Supreme Court reversed the Appellate Court decision at 235 Conn. 107 (1995). The court held that a trial court need not grant an additur in an economic but zero noneconomic damage award scenario. In Childs, as in this case, "the cause, nature and extent of the plaintiff's injuries were `hotly contested'." Id., 116. The court stated that "the existence of conflicting evidence limits the court's authority to overturn a jury verdict." Id. Additionally (as in this case), the court noted that "the jury did not award the entire amount of claimed economic damages." Id., 117. Finding that the verdict was not ambiguous and that in an earlier decision, Rickert v. Fraser,152 Conn. 678 (1965), it upheld a refusal to set aside a verdict which was less than the claimed special damages, the court found that an additur was not mandated.
As noted by the Supreme Court, "this right [to have factual issues determined by the jury] embraces the determination of CT Page 11884 damages when there is room for a reasonable difference of opinion among fair-minded persons as to the amount that should be awarded. . . . The amount of a damage award is a matter peculiarly within the province of the trier of fact, in this case the jury." Id., 112 citing Mather v. Griffin Hospital, 207 Conn. 125,138 (1988). In light of this decision, the request for the additur must be denied.
 III Conclusion
This court finds first, that there was certainly some evidence that would allow the jury to reach its conclusion and second, that the verdicts were not so manifestly unjust that they clearly note a mistake by the jury. There was, and is, no indication that the jury was influenced by any prejudice, corruption or impartiality. Accordingly, to the extent litigants have a constitutional right to have issues determined by the jury, Mather v. Griffin Hospital, supra, 207 Conn. 133, and the issues were so determined, with some evidence and no objection to the instructions and no interrogatories, this court denies the plaintiff Randall Simard's motion to set aside the verdict and the plaintiff Karen Simard's motion for either an additur or to set aside the verdict.
Berger, J.