[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The jury in this wrongful death case returned a plaintiff's verdict awarding damages in the amount of $265,000.00. Of this sum, $20,000.00 represents past non-economic damages.
Plaintiff brings the present motion seeking to have the court set aside the verdict and order a new trial on the issue of damages or order an additur in a reasonable amount.
Plaintiff seeks the latter relief claiming that the amount found by the jury for past non-economic damages was inadequate in light of the elements regarding same which were admitted or proven at trial. Should an additur be unacceptable, plaintiff seeks a new trial solely on the issue of damages.
Plaintiff also moves to set aside the verdict claiming that the jury was not properly instructed on the question of damages. More specifically, plaintiff argues that the court failed to instruct the jury that it could award damages for the injuries sustained by plaintiff's decedent and that it failed to submit the claim of injuries to the jury when a recharge concerning damages was requested Again, should the verdict be set aside, the plaintiff seeks a new trial only on the issue of damages. CT Page 7923
The test of the adequacy of verdict is: "if the amount awarded shocks the sense of justice as to what is reasonable, then the inferred conclusion is that the jury was misguided in reaching its decision," Malmberg v.Lopez 208 Conn. 675, 680 (1988); Jeffries v. Johnson 27 Conn. App. 471,475 (1992); and plaintiff claims the jury's award of past non-economic damages of $20,000 is inadequate under this standard.
Although the award is modest, it does not shock the court's sense of justice and certainly, it comports with the lack of evidence of physical or emotional pain or suffering by the decedent.
Similarly, the total award of $265,000.90 does not shock the court's sense of justice as to what is reasonable since it falls within the necessarily uncertain limits of fair and reasonable compensation under the facts of this case.
With regard to plaintiff's contention that the court failed to properly instruct the jury on the issue of damages and, as a consequence, that the verdict should be set aside and a new trial ordered on the issue of damages alone, the court, after reviewing its entire charge, is of the opinion that its charge to the jury did set out all of the elements of damages in a wrongful death claim and, therefore, that its charge was proper, fair and adequate under the law.
Plaintiff's Motion to Set Aside Verdict is denied.
THOMAS WEST, JUDGE