[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The instant action is one to recover damages for personal injuries allegedly having their origin in an automobile accident. The collision was of the rear end variety and although liability was contested the jury resolved said issue in favor of the plaintiff.
The plaintiff offered evidence to prove economic damages consisting of medical expenses to date in the amount of $5,975.00 including a chiropractic bill in the amount of $3,910.00 Claim was also asserted for future medical expense of $8,500.00 to $10,000.00. No Claim for lost wages or impairment of earning capacity was asserted. There testimony in support of soft tissue injury to the neck and bilateral carpal tunnel syndrome resulting in an alleged permanent disability.
The jury returned a verdict in favor of the plaintiff for $5,000.00 in economic damages which was considerably less than claimed and nothing for non-economic damages.
"Great deference is to be accorded a jury's award of damages. Litigants have a constitutional right to have factual issues CT Page 3095 determined by the jury. This right embraces the determination of damages when there is room for a reasonable difference of opinion among fair-minded persons as to the amount that should be awarded . . . This right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of trial by jury includes the right to have issues of fact as to which there is room for a reasonable difference of opinion among fair-minded men passed upon by the jury and not by the court. . . ." Childs v. Bainer, 235 Conn. 107, 112.
The common law of the state does not recognize the principle that awards limited to economic damages are inadequate as a matter of law and must be set aside or the principle that a fact finder must award non-economic damages each time it awards economic damages,Childs v. Bainer, supra, Pg. 121.
The evidence with respect to the nature and extent of the injuries and particularly their casual relationship to the accident was in conflict and bitterly contested. Credibility of the plaintiff was a critical issue in this case.
The amount of damages awarded to a plaintiff is a matter peculiarly within the province of the trier of fact, in this case, the jury Mather v. Griffin Hospital, 207 Conn. 125, 138Childs v. Bainer, supra p. 112, 121.
Having had the same opportunity as the jury to observe the witnesses, to assess their credibility and to determine the weight to be given to their testimony the court concludes that the evidence viewed most favorably to the plaintiff reasonably supports the jury verdict.
The trial court's refusal to set aside the verdict or to order an additur is entitled to great weight and every reasonable presumption should be given in favor of its correctness. The standard on review of the action of the trial court is whether the court abused its discretion.
The issue then is whether the jury could fairly have reached the verdict it did so as to prompt the court to leave it undisturbed.
In this case the jury could reasonably have resolved this matter as it did. As noted above there was evidence tending to CT Page 3096 support the verdict.
The verdict did not shock the sense of justice nor was there anything to suggest any mistake or improper motivation by the jury. The verdict passes muster under the applicable standards. There were no evidential rulings of substance. There was no, exception to the charge.
The court perceives the prevailing rule of law to be that reflected in Childs v Bainer, supra and notes in particular the distinction made with respect to the case or Jeffries v. Johnson,27 Conn. App. 471 (CF Ft. Note 8).
Motion to Set Aside Verdict and For Additur is denied.
Flanagan, J.