### THOMAS BEVERLY *v.* STATE OF CONNECTICUT ET AL.
### (15901)

O'Connell, Foti and Daly, Js.

Argued January 23—officially released April 8, 1997

*Henry D. Marcus*, for the appellant (plaintiff).

*Paul M. Pieszak*, for the appellees (defendants).

DALY, J. The plaintiff appeals from the judgment rendered on the jury's verdict following a hearing in damages, claiming that the trial court improperly (1) granted the defendants' motion in limine to exclude certain of the plaintiff's medical records, (2) denied his motion to set aside the verdict and to order an additur or a new trial, (3) denied his motion for a special finding and (4) failed to give a *Secondino* charge.[1]

The following facts are relevant to this appeal. On October 12, 1989, the plaintiff in this personal injury action was a passenger in a van owned by the defendant state and operated by the defendant James Todd. The department of correction van was being used to transport prisoners, including the plaintiff. As the van proceeded south on Main Street in Hartford, it collided with the rear of a vehicle stopped for a red traffic signal at the intersection of Main and Gold Streets, allegedly causing injuries to the plaintiff. The plaintiff sought

---

[1] See *Secondino* v. *New Haven Gas Co.*, 147 Conn. 672, 165 A.2d 598 (1960).

treatment for his injuries at various times from medical personnel of the department of correction, to which he was committed for a substantial portion of the relevant period of time, and from two private physicians, Edward A. Powers and Stephen C. Shifreen. Powers discharged the plaintiff as fully recovered. Shifreen subsequently found that the plaintiff continued to show symptoms.

The defendants served interrogatories and requests for production on the plaintiff on February 26, 1991. The plaintiff responded on December 20, 1991, providing medical records of the department of correction from October 19 through November 29, 1989, as well as an authorization for the release of medical records relating to the plaintiff. The plaintiff subsequently executed additional authorization on a form apparently provided to the defendants by the department of correction.

The state conceded liability and the matter was heard by a jury as to damages only. At the hearing in damages, the plaintiff sought to introduce records subsequent to November 29, 1989. The defendants filed a motion in limine seeking the exclusion of those records, claiming that they should not be admitted because the plaintiff had failed to meet his continuing duty to disclose with respect to those records pursuant to Practice Book § 232. The trial court granted the defendants' motion in limine.

The jury granted the plaintiff $5500, $500 in economic damages and $5000 in noneconomic damages. The plaintiff moved to set aside the verdict, for an additur and for a new trial on damages only. The plaintiff's motion was denied by the trial court. This appeal ensued.

I

The plaintiff challenges the granting of the motion in limine that precluded him from introducing any medical

records of the department of correction subsequent to November 29, 1989. The defendants argue that the motion was properly granted pursuant to Practice Book § 231 because the plaintiff failed to satisfy his duty to disclose those records pursuant to Practice Book § 232.

Section 232 provides that "[i]f, subsequent to compliance with any request or order for discovery and prior to or during trial, a party discovers additional or new material or information previously requested and ordered subject to discovery or inspection . . . he shall promptly . . . file and serve in accordance with Sec. 120 a supplemental or corrected compliance." Section 231 provides that "[i]f any party has failed . . . to comply with the provisions of Sec. 232 . . . the court may, on motion, make such order as the ends of justice require. Such orders may include the following . . . (d) The entry of an order prohibiting the party who has failed to comply from introducing designated matters in evidence . . . ."

We need not determine whether the quoted rules of practice apply in this case. "It is a fundamental rule of appellate review of evidentiary rulings that if error is not of constitutional dimensions, an appellant has the burden of establishing that there has been an erroneous ruling which was *probably harmful* to him." (Emphasis added; internal quotation marks omitted.) *Sadloski* v. *Manchester*, 235 Conn. 637, 645, 668 A.2d 1314 (1995); 1 B. Holden & J. Daly, Connecticut Evidence (2d Ed. 1988) § 60 (i), p. 385. We conclude that the plaintiff has failed to meet the burden of demonstrating that the exclusion of the records was probably harmful.

The plaintiff argues that Powers' deposition testimony, in which he testified that the plaintiff was fully recovered, might have been refuted by the excluded records. He claims that those records contained numerous findings, made subsequent to Powers' discharge of

the plaintiff as recovered, of symptoms traceable to the vehicular accident as well as to an incident in which a jail gate was accidentally closed on him. He concedes, however, that there was nothing in the excluded records regarding permanency to which the plaintiff's own expert had not already testified and that, contrary to Powers' testimony that the plaintiff was cured, Shifreen testified that he continued to have problems traceable to the accident. He argues generally, however, that the excluded records could have refuted Powers' testimony, and he claims to have been harmed by the fact that "all they have is contradictory testimony." The plaintiff further concedes that, having been convicted of multiple felonies, he would have had low credibility with the jury. His contention appears to be that the result *might* have been different had the excluded evidence been admitted to corroborate Shifreen's and the plaintiff's testimony. The plaintiff has failed to cite any material in the excluded records that would have discredited Powers' testimony, and we conclude that the excluded records would have been cumulative at best. Moreover, the plaintiff has failed to meet his burden of demonstrating—in fact has not even argued—that the result would *probably* have been different had the excluded records been admitted. He, therefore, cannot prevail on this claim.

## II

The plaintiff next claims that the trial court improperly denied his motion to set aside, for an additur and for a new trial. The basis of this claim apparently is an assertion that the award of $5500 is inadequate as a matter of law because his hospital bills for treatment of injuries allegedly sustained in the accident amounted to $364.36 and his physicians' bills totaled $4533.50.

"We accord great deference to a jury's award of damages. Litigants have a constitutional right to have factual

issues determined by the jury. This right embraces the determination of damages when there is room for a reasonable difference of opinion among fair-minded persons as to the amount that should be awarded. . . . This right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict . . . . The amount of a damage award is a matter peculiarly within the province of the trier of fact, in this case, the jury. *Mather* v. *Griffin Hospital*, 207 Conn. 125, 138, 540 A.2d 666 (1988). Similarly, [t]he credibility of witnesses and the weight to be accorded to their testimony lie within the province of the jury. *Desmarais* v. *Pinto*, 147 Conn. 109, 110, 157 A.2d 596 (1960). In considering a motion to set aside the verdict, the court must determine whether the evidence, viewed in the light most favorable to the prevailing party, reasonably supports the jury's verdict. *Campbell* v. *Gould*, 194 Conn. 35, 41, 478 A.2d 596 (1984). . . . *Skrzypiec* v. *Noonan*, 228 Conn. 1, 10, 633 A.2d 716 (1993).

"The trial court's refusal to set aside the verdict or to order an additur is entitled to great weight and every reasonable presumption should be given in favor of its correctness. In reviewing the action of the trial court in denying the motions for additur and to set aside the verdict, our primary concern is to determine whether the court abused its discretion and we decide only whether, on the evidence presented, the jury could fairly reach the verdict they did. The trial court's decision is significant because the trial judge has had the same opportunity as the jury to view the witnesses, to assess their credibility and to determine the weight that should be given to their evidence. Moreover, the trial judge can gauge the tenor of the trial, as we, on the written record, cannot, and can detect those factors, if any, that could improperly have influenced the jury. . . . The only practical test to apply to a verdict is whether the award of damages falls somewhere within the neces-

sarily uncertain limits of fair and reasonable compensation in the particular case, or whether the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, mistake or corruption." (Citations omitted; internal quotation marks omitted.) *Childs* v. *Bainer*, 235 Conn. 107, 112–14, 663 A.2d 398 (1995).

In the present case, the nature and extent of the plaintiff's injuries were hotly contested. The plaintiff's treating physicians, Shifreen and Powers, disagreed as to the existence of any permanent disability attributable to this accident. Powers found no permanency, although he was aware of subsequent incidents befalling the plaintiff, including that he had fallen in the shower, had been hit over the head and had had a jail gate close on him. We conclude that the jury could have reasonably concluded that the plaintiff was entitled to only $5500 in damages.

" 'The existence of conflicting evidence limits the court's authority to overturn a jury verdict. The jury is entrusted with the choice of which evidence is more credible and what effect it is to be given. *Ford* v. *Blue Cross & Blue Shield of Connecticut, Inc.*, 216 Conn. 40, 58, 578 A.2d 1054 (1990).' *Skrzypiec* v. *Noonan*, supra, 228 Conn. 11. 'From the vantage point of the trial bench, a presiding judge can sense the atmosphere of a trial and can apprehend far better than we can, on the printed record, what factors, if any, could have improperly influenced the jury.' *Birgel* v. *Heintz*, 163 Conn. 23, 26, 301 A.2d 249 (1972)." *Childs* v. *Bainer*, supra, 235 Conn. 116–17. There was ample evidence in the record tending to support the jury's verdict, and the verdict, therefore, did not shock the sense of justice.

"We have previously determined that a jury may award a plaintiff less than the claimed special damages. *Rickert* v. *Fraser*, 152 Conn. 678, 211 A.2d 702 (1965).

In *Rickert*, the jury was confronted with conflicting evidence concerning the plaintiff's injuries. The plaintiff had claimed $755.27 in medical expenses, $2719.20 in lost wages and $46,525.53 for pain and suffering. The jury awarded the plaintiff only $2500 in damages, and [our Supreme Court] upheld the trial court's refusal to set aside the verdict because [a]s to the matter of [the plaintiff's] injuries and the pain and suffering resulting therefrom . . . the medical testimony and opinions were conflicting to such an extent that the jury could have refused to credit the plaintiff's claims. Id., 680–81." (Internal quotation marks omitted.) *Childs* v. *Bainer*, supra, 235 Conn. 119. We conclude that, in the present case, the medical testimony and opinions were conflicting to such an extent that the jury could have refused to credit the plaintiff's claims.

We affirm the trial court's refusal to set aside the verdict and to order an additur.

### III

The plaintiff also claims that the trial court improperly denied his motion for a finding of vexatious defense pursuant to General Statutes § 52-226a. The plaintiff maintains that the state's admission of negligence shortly before the hearing in damages violated that statute.

Section 52-226a provides in pertinent part: "In any civil action tried to a jury, after the return of a verdict and before judgment has been rendered thereon . . . the prevailing party may file a written motion requesting the court to make a special finding to be incorporated in the judgment or made a part of the record, as the case may be, that the action or a defense to the action was without merit and not brought or asserted in good faith. . . ."

"[W]e have declined to uphold awards under the bad-faith exception absent both clear evidence that the chal-

lenged actions are entirely without color and [are taken] for reasons of harassment or delay or for other improper purposes . . . ." (Internal quotation marks omitted.) *Fattibene* v. *Kealey*, 18 Conn. App. 344, 360–61, 558 A.2d 677 (1989). Furthermore, it is the burden of the appellant to present us with a proper record on the basis of which we can determine the appeal. Practice Book §§ 4009, 4061; *State* v. *Fullwood*, 194 Conn. 573, 581, 484 A.2d 435 (1984); 1 B. Holden & J. Daly, supra, p. 386.

The record before us does not indicate that any evidence was presented to the trial court to demonstrate that the defense raised by the defendants prior to trial was "entirely without color and [raised] for reasons of harassment or delay or for other improper purposes," nor does it indicate that any motion for articulation was filed pursuant to Practice Book § 4051.

We conclude that "[w]ithout the necessary factual and legal conclusions furnished by the trial court, either on its own or in response to a proper motion for articulation, any decision made by us respecting this claim would be entirely speculative." (Internal quotation marks omitted.) *Cohen* v. *Cohen*, 41 Conn. App. 163, 169, 674 A.2d 869 (1996).

We affirm the trial court's denial of the plaintiff's motion for a finding of vexatious defense.

IV

Finally, the plaintiff claims in his brief that the trial court improperly failed to instruct the jury that it could draw an adverse inference from the failure of the defendants to introduce records of the department of correction or to call as witnesses any of the medical personnel who allegedly examined him during his periods of incarceration.

"[Our Supreme Court] first articulated the conditions under which such an instruction is appropriate in *Secondino* v. *New Haven Gas Co.*, [supra, 147 Conn. 672]. The failure of a party to produce a witness who is within his power to produce and who would naturally have been produced by him, permits the inference that the evidence of the witness would be unfavorable to the party's cause. . . . There are two requirements for the operation of the rule: The witness must be available, and he must be a witness whom the party would naturally produce. . . . A witness who would naturally be produced by a party is one who is known to that party and who, by reason of his relationship to that party or to the issues, or both, could reasonably be expected to have peculiar or superior information material to the case which, if favorable, the party would produce. . . . Id., 675; see *State* v. *Grant*, 221 Conn. 93, 105–106, 602 A.2d 581 (1992); *State* v. *Greene*, 209 Conn. 458, 469–70, 551 A.2d 1231 (1988); *Shelnitz* v. *Greenberg*, 200 Conn. 58, 73, 509 A.2d 1023 (1986); *State* v. *Brown*, 169 Conn. 692, 705, 364 A.2d 186 (1975); *Bell* v. *Bihary*, 168 Conn. 269, 271, 362 A.2d 963 (1975).

"A party, however, is not entitled to receive such an instruction in all circumstances. To have the jury charged on the rule, the party claiming the benefit of it must show that he is entitled to it. . . . [T]he trial court must make a preliminary determination that there is evidence in the record to support these elements." (Citations omitted; internal quotation marks omitted.) *Hines* v. *St. Vincent's Medical Center*, 232 Conn. 632, 637–38, 657 A.2d 578 (1995).

"A possible witness whose testimony is for any reason comparatively unimportant, cumulative or inferior to what has been offered should be dispensed with on the general ground of expense and inconvenience, without anticipation that an inference may be invoked." (Internal quotation marks omitted.) *State* v. *Alfonso*,

195 Conn. 624, 632, 490 A.2d 75 (1985); *State* v. *Miles*, 195 Conn. 552, 557, 489 A.2d 373 (1985).

Our review of the record and transcripts indicates that the testimony and medical records at issue would not have constituted peculiar or superior information material to the case, and we have concluded in part I of this opinion that the information therein would have been cumulative at best. We conclude that the plaintiff has not demonstrated that he was entitled to the requested charge.

The judgment is affirmed.

In this opinion the other judges concurred.

