[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTION TO SET ASIDE VERDICT
The above captioned cases were consolidated for trial as they involved a plaintiff driver (Distasio) and plaintiff passenger (George) against defendant driver Armand J. Delpo. At trial, plaintiff Distasio claimed medical expenses, mostly chiropractic, of $3827.26, no lost earnings, pain and suffering, but no permanent disability. The jury awarded $3427.26 in economic damages and no non-economic damages. Plaintiff George claimed medical expenses, mostly chiropractic of approximately, $5600, no lost earnings but pain and suffering and permanent partial disability of the back. The jury awarded George $3208.59 in economic damages and no non-economic damages.
In both cases plaintiffs filed motions to set aside the verdicts as "inadequate . . . contrary to law and . . . against CT Page 7700 the evidence and ambiguous." Plaintiffs further moved for additur pursuant to § 52-228(B) of the Connecticut General Statutes.
This court declines to grant additur in this case. Litigants have a constitutional right to have factual issues determined by a jury. This right embraces the determinations of damages when there is room for a reasonable difference of opinion among fair-minded persons as to the amount that should be awarded. This right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict. The amount of damages is a matter peculiarly within the province of the trier of fact, in this case, the jury. Mather v. Griffin Hospital,207 Conn. 125 (1988). In considering a motion to set aside a verdict, the court must determine whether the evidence viewed in the light most favorable to the prevailing party supports the verdict. Campbell v. Gould, 194 Conn. 35 (1989); Skrzypiec v.Noonan, 228 Conn. 1, 10 (1993). The test to apply to a verdict is whether the award of damages falls somewhere within the necessarily uncertain limits of fair and reasonable compensation in the particular case, or whether the verdict so shocks the sense of justice as to compel the conclusions that the jury were influenced by partiality, mistake or corruption. Childs v.Bainer, 225 Conn. 107 (1995), cited in Beverly v. State,44 Conn. App. 641 (1997).
The court finds no reason to believe that the jury in this case were so influenced. First in regard to plaintiff Distasio who was awarded the exact amount of his special medical damages claimed, the jury could have believed that claims of pain were exaggerated since he testified that he lost no time from his employment but made frequent trips between his night club business in Florida and Connecticut shortly after the accident. He testified that he sought no chiropractic or medical care when in Florida. Plaintiff Distasio made no claim of permanent disability as a result of his injuries. Dr. Rosa, the chiropractor who treated both plaintiffs George and Distasio testified at some length concerning his treatment of George but minimally concerning treatment of Distasio. Distasio testified that he didn't remember how long he had treated with Dr. Rosa. This court believes that the jury could have reasonably concluded that the plaintiff Distasio had failed to prove entitlement to non-economic damages. Childs v. Bainer, supra.
In regard to plaintiff George, the jury failed to award him the full amount of his claimed economic damages. No lost wages CT Page 7701 were claimed because George testified that he was unemployed at the time of this incident. Defendant contested whether plaintiff George was, in fact, a passenger in Distasio's car and provided an officer to testify that George was not at the scene when he arrived and that his police report had not indicated that there was a passenger in plaintiff Distasio's car.
However, there was testimony of Dr. Rosa concerning treatment of plaintiff George for injuries sustained in this collision but also in a fall which had occurred several months before the subject collision. There was testimony that plaintiff was last treated for the prior injuries only days before this incident. While permanent partial disability ratings were produced from Dr. Matza, plaintiff's doctor and Dr. Hillsman, who examined plaintiff George for the defendant there was conflicting evidence as to whether those doctors had been informed of plaintiff George's prior injuries.
Therefore, the court denies plaintiffs' motion to set aside the verdict and enters judgment in accordance with the verdict of the jury.
KULAWIZ, J.