[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTIONS TO SET ASIDE AND ADDITUR
This was a contested personal injury action in which the jury rendered a verdict for the plaintiff for $12,000.00 in economic damages and made no award for non-economic damages. The plaintiff has filed these motions seeking to set aside the verdict and for additur.
The plaintiff claimed partial permanent injuries of 10%, and introduced medical bills which totaled $11,770.66, (Ex. 19). There was a claim for lost wages and loss of earning capacity. The jury awarded only economic damages in the amount of $12,000.00. There is no way to determine whether the economic award was for reimbursement of the medical expenses only or for a portion of the medical expenses and a portion of the lost earnings since their were no requests for interrogatories of the jury. CT Page 2109
The plaintiffs claim of personal injuries resulted from a very minor rear end collision. The plaintiff claimed that the permanent injuries sustained in this accident precluded him from pursuing his career as a pizza chef. At trial the plaintiff called his chiropractic doctor, Dr. Forte to testify on his behalf.
The plaintiffs injuries were hotly disputed by the defendant. The defendant called at trial an orthopedic medical doctor, Mathew Skolnick who performed an independent medical exam of the plaintiff. Doctor Skolnick opined that the plaintiff suffered strains of the back and neck that he had no permanent disability of the neck and a 5% disability of the lumbar spine, which did not cause him any limitation of any function. He testified that people with a 5% disability like the plaintiffs participate in triathlons. He also testified that the type of injury suffered by the plaintiff would not require more than three to six months of treatment as opposed to the two years of treatment incurred by the plaintiff. Doctor Skolnick testified that he questioned the plaintiff's subjective complaints of pain since in his exam that when he "distracted" the plaintiff he did not complain of pain which earlier in the exam when not distracted he complained of pain also testified that Mr. Salmani engaged in "symptom magnification".
If the jury believed and accepted the testimony of Doctor Skolnick, which apparently they did, they could have reasonably found the way they did. The fact that the jury did rely on the testimony of Dr. Skolnick is evident from the questions that the jury asked during deliberation[1] which required the replaying of Dr Skolnicks testimony as to his opinion and comments as to the length of Mr. Salmani's treatment.
The power to order an additur to a jury verdict rests within the discretion of the trial court. General Statutes § 52-216a
provides in pertinent part: "If the court concludes that the verdict is inadequate as a matter of law, it shall order an additur, and upon failure of the party so ordered to add the amount ordered by the court, it shall set aside the verdict and order a new trial." General Statutes § 52-216a. "The decision to deny a motion for additur is a matter of judicial discretion."Waskewicz v. DeTullio, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 049192 (Feb. 3, 1997,Flynn, J.), citing Childs v. Bainer, 235 Conn. 107, 109,663 A.2d 398 (1995). CT Page 2110
Our Supreme Court has enunciated parameters for trial court consideration of motions for additur. These parameters are whether (I) the jury award "`shocks the conscience,[2] (2) the plaintiff, who has proved substantial injuries, is awarded inadequate damages and (3) the verdict is inherently ambiguous."[3] Thames River Recycling, Inc. v. Gallo,50 Conn. App. 767, 804, ___ A.2d ___ (1998), quoting Childs v.Bainer, supra, 235 Conn. 114-115.
While motions for additur rest within the discretion of the trial court, a great amount of deference is given to jury verdicts because as the trier of fact the jury weighs the credibility of the witnesses and evidence presented. "The credibility of witnesses and the weight to be accorded to their testimony lie within the province of the jury. . . ." (Citation omitted; internal quotation marks omitted.) Childs v. Bainer,
supra. 235 Conn. 112. "Courts rightly accord great deference to a jury's award of damages, whether the amount awarded is large or small." Silverman v. Travelers Ins. Co., Superior Court, judicial district of Hartford New Britain at Hartford, Docket No. 551834 (Mar. 25, 1998, Lavin, J.), citing Childsv. Bainer, supra, 235 Conn. 116. "Litigants have a constitutional right to have factual issues determined by the jury. This right embraces the determination of damages when there is room for a reasonable difference of opinion among fair-minded persons as to the amount that should be awarded. . . . The amount of a damage award is a matter peculiarly within the province of the trier of fact, in this case, the jury." (Citation omitted; internal quotation marks omitted.) Childs v. Bainer, supra, 235 Conn. 112.
Generally, jury verdicts pertaining to damages will not be upset if the verdict was based upon some evidence which reasonably led to their conclusion. Parasco v. Aetna Casualty AndSurety Co., 48 Conn. App. 671, 676, 712 A.2d 433 (1998); Perkinsv. Stop Shop Companies. Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 568214 (Jul. 15, 1998, Teller, J.). "The court must avoid the temptation to substitute its own judgment for that of the jury whether it believes the verdict to be high or low. As noted, even a conclusion that a jury exercised merely poor judgment, or ought to have decided otherwise, is no basis for disturbing a jury's judgment." Perkins v. Stop Shop Companies. Inc., supra, Superior Court, Docket No. 568214, citing Birgel v. Heinetz,163 Conn. 23, 28, ___ A.2d ___ (1972). CT Page 2111
"The ultimate test is whether the jury's award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the [jurors] were influenced by partiality, prejudice, mistake or corruption. . . ." (Citations omitted; internal quotation marks omitted.) Caruso v. Quickie CabCo., 48 Conn. App. 459, 462, 709 A.2d 1154 (1998); see alsoThames River Recycling, Inc. v. Gallo, supra,50 Conn. App. 803-4. "If the amount awarded shocks the sense of justice as to what is reasonable, then the inferred conclusion is that the jury was misguided in reaching its decision." Jeffries v.Johnson, 27 Conn. App. 471, 476, 607 A.2d 443
(1992).
Deference to jury verdicts is particularly strong where the evidence is contested, such as in this case. The jury verdict will be upheld as long as it is reasonably based on the evidence presented. Parasco v. Aetna Casualty And Surety Co., supra,48 Conn. App. 676. "The existence of conflicting evidence limits the court's authority to overturn a jury verdict. The jury is entrusted with the choice of which evidence is more credible and what effect it is to be given . . ." (Citation omitted; internal quotation marks omitted.) Beverly v. State, 44 Conn. App. 641,647, 691 A.2d 1093 (1997); see also Macy v. Lucas, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 126446 (Apr. 14, 1997, Nadeau, J.). "On issues where the evidence allows room for reasonable differences of opinion among fair-minded people, if the conclusion of the jury is one that reasonably could have been reached, it must stand even though the trial court might have reached a different result." Parasco v.Aetna Casualty And Surety Co., supra, 48 Conn. App. 676.
Moreover, the jury is not bound to credit all the evidence presented. "The jury is under no obligation to credit the evidence proffered by any witnesses, including experts . . . even if that evidence is uncontroverted. . . ." (Citations omitted.)Mather v. Griffin Hospital, 207 Conn. 125, 145, 540 A.2d 666
(1988).
"A jury may award a plaintiff less than the claimed special damages." (Citation omitted; internal quotation marks omitted.)Beverly v. State, 44 Conn. App. 641, 647, 691 A.2d 1093 (1997) (refusing to set aside the verdict and order an additur because the jury could reasonably have refused to credit the plaintiff's CT Page 2112 claims); Childs v. Bainer, supra, 235 Conn. 119, citing Rickertv. Fraser, 152 Conn. 678, 211 A.2d 702 (1965) ("the medical testimony and opinions were conflicting to such an extent that the jury could have refused to credit the plaintiff's claims."). The question presented here is whether it was proper for the jury to award all of the medical expenses as economic damages but refuse to award any no-economic damages." A fact finder is not required to award non-economic damages simply because economic damages are awarded. See Childs v. Bainer, supra, 235 Conn. 121. It is clear that the personal injury claims were seriously disputed, and the jury award for non-economic damages demonstrates that the jury was not overwhelmingly persuaded by the plaintiff's evidence."PARASCO v. AETNA CASUALTY AND SURETY COMPANY, supra 48 Conn. App. 671. In this case the jury undoubtedly was not persuaded with the claims of the plaintiff. This court therefore, can not say that this verdict shocked the conscience, or was inherently ambiguous or that award was inadequate which are the criteria necessary to grant a request for additur. Thames River Recycling v. Gallo 50 Conn App. 767. In this case, there was sufficient evidence to support the verdict. See BEVERLY v. STATE, 44 Conn. App. 641 691 A.2d 1093 (1997).Parasco v. Aetna Casualty And Surety Co., supra,48 Conn. App. 676.; Macy v. Lucas, supra, Superior Court, Docket No. 126446;Finnegan v. Ramsdell, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 475869 (Jul. 30, 1998, Gaffney, J.), Silverman v. Travelers Ins. Co., supra, Superior Court, Docket No. 551834; Waskewicz v. DeTullio, supra, Superior Court, Docket No. 049192.
The court will not substitute its judgment for that of the jury. The plaintiff motion for additur and the motion to set aside the verdict is therefore denied.
PELLEGRINO, J.