[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SPECIAL FUNDING PURSUANT TO GENERAL STATUTES § 52-226a
After a trial to the court a judgment was issued in favor of the defendant, Chase Manhattan Bank, N.A. (Chase) on March 6, 2000. The judgment was issued in-a Memorandum of Decision dated March 6, 2000. On CT Page 7274 March 17, 2000 the defendant, Chase, filed a Motion for Special Finding pursuant to General Statutes § 52-226a.
 In any civil action tried to a jury, after the return of a verdict and before judgment has been rendered thereon, or in any civil action tried to the court, not more than 14 days after judgment has been rendered; the prevailing party may file a written motion requesting the court to make a special finding to be incorporated in the judgment or made part of the record, as the case may be, that the action or a defense to the action without merit and not brought or asserted in good faith. Any such finding by the court shall be admissible in any subsequent action brought pursuant to subsection (a) of section 52-568. General Statutes § 52-226a.
 FACTS
There have been two separate lawsuits filed in the Superior Court between these two parties and this motion appears to be precursor to a third lawsuit being filed. In 1989, Chase filed an action in the Superior Court against the plaintiff, Stephanie W. Shea (Shea), alleging fraud. After five years of litigation the lawsuit was withdrawn by Chase on May 2, 1994. During that lawsuit Shea's house in Darien was attached by Chase. The PJR was ordered released after 13 days of evidence before Judge William B. Lewis. Chase unsuccessfully appealed that ruling to the Appellate Court. Its petition for certification was denied by the Supreme Court.
As a result of the 1989 lawsuit, Shea claims she sustained the following damages: substantial attorney's fees, lost real estate profits and capital gains, damage to her reputation, pain and anxiety, lost earnings, lost earning capacity, loss of opportunity in her chosen filed of expertise, break up of her marriage and severe emotional distress. Shea commenced a two count lawsuit against Chase in the Superior Court, returnable January 9, 1996. The First Count alleged statutory vexatious litigation in violation of General Statutes § 52-568 and the Second Count alleged violation of the Connecticut Unfair Trade Practices Act (CUTPA).
The matter was claimed for the jury list. After the jury had been selected, all parties agreed to withdraw the case from the jury and to try it to this court. After 19 days of trial, this court filed a 35 page written Memorandum of Decision dated March 6, 2000. This court reached a number of conclusions: It found that the plaintiff was not a credible CT Page 7275 witness; it found that a number of witnesses, James Barnett, Peter Galbrieth and Mary Brienza, were credible; it concluded that Chase, at the time that they instituted the 1989 fraud lawsuit, had probable cause to commence such litigation in the Superior Court against Shea; it concluded that Chase had probable cause to continue to prosecute the fraud action. This court futher concluded that Shea failed in her burden of proof: (1) To establish lack of probable cause by Chase under General Statutes § 52-568 (1); (2) To establish any degree of malice whatsoever under General Statutes § 52-568 (2); and (3) To establish a violation of CUTPA. This court finally concluded that Chase had proven its special defense of advice of counsel by both in-house counsel and outside counsel. Because of those findings and conclusions the court did not consider any alternative grounds raised by the parties. Judgment therefore entered in favor of the defendant, Chase, as to the two counts of Shea's complaint.
On March 23, 2000 Shea appealed to the Appellate Court. On May 25, 2000 the defendant, Chase, filed a Motion for Articulation concerning pretrial rulings made by this court on Motions for Summary Judgment filed by Chase on its Statute of Limitation special defenses. Chase intends to raise those special defenses as alternate grounds for affirmance in the Appellate Court. This court is in the process of complying with the May 25, 2000 Motion for Articulation.
On March 17, 2000, Chase filed this "Motion for a Special Finding Pursuant to Conn. Gen. Stat. § 52-226a" along with supporting memorandum. Shea filed a memorandum of law in opposition on May 1, 2000. Neither party offered to furnish evidence. This court has taken the matter on the papers in rendering this Memorandum of Decision.
 DISCUSSION OF LAW
The underlying lawsuit was tried on the first count alleging statutory vexatious litigation and the second count alleging CUTPA. "Any person who commences and prosecutes any civil action or complaint against another, in his own name or the name of others, or asserts a defense to any civil action or complaint commenced and prosecuted by another (1) without probable cause, shall pay such other person double damages, or (2) without probable cause, with a malicious intent unjustly to vex and trouble such other person, shall pay him treble damages." General Statutes § 52-568. Plaintiff sought both double damages under §52-568 (1) and treble damages under section § 52-568 (2). Both of those claims were contained in the plaintiff's first count.
Under the statutory vexatious claim, the plaintiff must prove; (1) that the suit complained of terminated in her favor and (2) that there is a CT Page 7276 wanting of probable cause in the commencement and/or prosecution of the lawsuit by the defendant. If these two elements are proven, the plaintiff would be entitled to double damages. In the event that the plaintiff was successful in proving those two elements plus the third element, that is, the lawsuit was commenced and prosecuted with a malicious intent unjustly to vex or trouble such other person, under the statute the plaintiff would be entitled to treble damages.
Apparently a similar statute has been in effect in Connecticut since 1672. Frisbie v. Morris, 75 Conn. 637 (1903). This court in its Memorandum of Decision applied the probable cause standard as stated in common law vexatious litigation cases in Vandersluis v. Weil,176 Conn. 353, 356 (1978) and DeLaurentis v. New Haven, 220 Conn. 225,252 (1991). In the 1989 lawsuit that was terminated in May of 1994, neither party filed a motion for special finding under General Statutes § 52-226a.
The legislature first adopted General Statutes § 52-226a in 1986, Public Act 86-338. Only one Appellate Case had discussed this statute.Beverly v. State. 44 Conn. App. 641 (1997). Beverly involved the trial court's denial of a motion for special finding of a vexatious defense in a rear end motor vehicle collision in which liability was admitted only at the time of trial. The court denied the motion and the Appellate Court affirmed. "We affirm the trial court's denial of the plaintiff's motion for finding of vexatious defense." Beverly v. State, supra,44 Conn. App. 649. Beverly adopted the standards of Fattibene v. Kealey,18 Conn. App. 344, 360-61 (1989). Fattibene held that the burden of proof is on the moving party to prove by "clear evidence that the challenged actions are entirely without color and are taken for reasons for harassment or delay or for other improper purposes." Id. 361. The moving party has the obligation to present a proper record as a basis of determining the issues. "The record before us does not indicate that any evidence was presented to the trial court to demonstrate that the defense raised by the defendants prior to trial was entirely without color and raised for reasons of harassment or delay or for other improper purposes."Beverly v. State, supra, 44 Conn. 649.
A civil action for vexatious litigation can be brought on common law grounds. Smith v. Smith, 11 Conn. 586 (1842), and by statute, General Statutes § 52-568. In the instant case, Shea only proceeded by statute. The statute does not require that a special finding under General Statutes § 52-226a is a necessary predicate to commencing a vexatious litigation action. A number of trial court decisions have held that a denial by a trial court of a special finding under General Statutes § 52-226a, "does not preclude the defendant from bringing a vexatious suit action against the plaintiff either under section 52-568
CT Page 7277 (a) or at common law." Indomenico v. Mr. Sparkle Car Wash. Inc., Superior Court, judicial district of Hartford! New Britain at Hartford, Docket No. 372997 (September 4, 1992, Missal, State Trial Referee),1992 Ct. Sup. 8491. "Moreover, a special finding issued pursuant to General Statutes § 52-226a is not a prerequisite to the commencement of an action for vexatious litigation." Rutenberg v. Rosenblit, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. CV84-0353700 (March 14, 1994, Hennessey, J.), 1994 Ct. Sup. 2775.
A Motion for Special Finding must be brought not more than 14 days after judgment has been rendered. The motion dated March 17, 2000 was brought within 14 days from the March 6, 2000 Memorandum of Decision. The court finds that the motion was properly and timely filed.
The statute requires that the court make a special finding either, (1) "to be incorporated in the judgment" or (2) "made part of the record. The plaintiff has not declared in its motion which of these two alternative remedies are being sought. Neither party briefed this issue. Neither party has filed a Motion to Open the Judgment nor a Motion for Articulation or Clarification in regard to the March 6, 2000 Memorandum of Decision. Neither party has asked for an evidentiary hearing on this motion. Neither party has requested any further findings of fact based upon any evidence heard at the trial, in addition to the facts already found and set forth in the written Memorandum of Decision. The statute permits the court to adopt either remedy, "as the case may be." This court concludes that the choice of remedy is determined by the exercise of a trial court's discretion.
A special finding under General Statutes § 52-226a can be made only when two elements have been shown: (1) "the action was without merit" and (2) "the action. . . was not brought or asserted in good faith." Both must be found in order for "the court to make a special finding." Trial courts have upheld the denial of a motion for special finding in which the plaintiff's action was determined to be commenced without merit but the court had insufficient evidence to make a finding that it was not brought or asserted in good faith. Fox v. Fox, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 700905 (July 23, 1991, Satter, State Trial Referee), 1991 Ct. Sup. 6424; Walczyk v.Barberino Realty and Development Corp., Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. CV95-0465712S (July 22, 1997, Keller, J.), 20 CLR 356, 1997 Ct. Sup. 9522; Spellane v.Zelitch, Superior Court, judicial district of New Haven at New Haven, Docket No. CV90-0296440 (July 25, 1994, Hodgson, J.), 9 C.S.C.R. 869,1994 Ct. Sup. 6870; Caciopoli v. Neri Brothers Construction Corp., Superior Court, judicial district of Middlesex, Docket No. CV92-0067375 (March 17, 1998 Aurigemma, J.), 1998 Ct. Sup. 3855. CT Page 7278
No appellate court has ruled on what constitutes "not brought or asserted in good faith." A trial court has applied a 1944 definition of good faith in denying a special finding motion. "However, in common usage, it (good faith) has a well defined and generally understood meaning, being ordinarily used to describe that state of mind denoting honesty of purpose, freedom from intention to defraud, and generally speaking means being faithful to one's duty or obligation. . Snyder v. Reshenk, 131 Conn. 252, 257 (1944). "Indemenico v. Mr. Sparkle Car Wash, Inc., supra, Superior Court, Docket No. 372997; Holden v. McIntosh, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket Number CV90-0382180 (October 27, 1994, Aurigemma, J.),12 Conn.L.Rptr. 677, 1994 Ct. Sup. 10253; Tautic v. Pattillo,41 Conn. Sup. 169, 172 (1988) (Good faith as applicable to a required filing under General Statutes § 52-190a(a) in medical malpractice).
There is little legislative and no court guidance on a special finding in the later commencement of a vexatious litigation action. Does a special finding by the trial court amount to a judgment in favor of the moving party in the vexatious litigation lawsuit? Does it entitle the moving party to a summary judgment as a matter of law? Is it offered as evidence? Do the issues of collateral estoppel or res judicata prevent the other party from contesting the underlying issues? Is the Superior Court judge a necessary witness in the soon to be commenced vexatious litigation lawsuit? Does the special finding or jury verdict come into evidence with or without the underlying Memorandum of Decision or jury verdict? Does the statute preclude a special finding from being admissible in a common law vexatious litigation action? Is the special finding only admissible in a statutory vexatious litigation action? What evidence controls if both common law and statutory vexatious litigation counts are tried together? Does a motion for special finding require or permit a separate evidentiary hearing in addition to that of the case in chief? See Crocco v. Centilman, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. CV 96-0150150 S (April 1, 1997, D'Andrea, J), 1997 Ct. Sup. 1603; Ancona v. Manafort Brothers, Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV 94-0541193 S (April 17, 1998, Satter, Judge Trial Referee),1998 Ct. Sup. 4275; United Auto Glass v. Goodhall's Garage, Inc.,
Superior Court, judicial district of Tolland at Rockville, Docket No. CV98-66673 S (June 30, 1999, Klaczak, J.) 1999 Ct. Sup. 6770. None of these issues are required to be resolved by the this motion. Neither party has given any guidance to the court for these questions. No motion for special finding is necessary prior to the commencement of a vexatious litigation lawsuit. A special finding is not a condition precedent to such a lawsuit, either common law or statutory vexatious litigation. CT Page 7279
 CONCLUSION
This trial court in its Memorandum of Decision discussed the facts found and conclusions reached. The court has found that Shea had failed to sustain her burden of proof to establish lack of probable cause. The court concluded that on a number of occasions that Shea was not credible. The court concluded that there were two other witnesses who testified who were credible. The court further found that there was probable cause at all times for Chase to commence and prosecute the underlying lawsuit. The trial court did not expressly reach a conclusion that Shea had committed the alleged fraud.
In the 1989 fraud lawsuit commenced by Chase against Shea, 13 days of evidence was heard by Judge William B. Lewis on a Motion to Discharge a PJR. This trial court did not have the transcripts of the testimony heard by Judge Lewis, copies of all of the documentary evidence, list of witnesses or claims of law made in the PJR hearing. Upon information and belief there may have been witnesses who testified before this court who may not have offered evidence before Judge Lewis, i.e., James Barnett, a former a co-employee of Shea and Mary Breinza, an Assistant New York County District Attorney. In any event, Judge Lewis found Chase had failed to prove probable cause. He ordered the release of the PJR. Chase appealed from the PJR decision and the appeal was denied. Chase ManhattanBank N.A. v. Stephanie W. Shea, 24 Conn. App. 169 (1991). The Supreme Court denied certification. Chase Manhattan Bank N.A. v. Stephanie W.Shea, 218 Conn. 908 (1991). All three decisions: (1) Judge Lewis' released of the PJR, (2) the Appellate Court decision, and (3) the Supreme Court decision, were all marked as exhibits in the trial before this court.
There is a finding in the record of a lack of probable cause by a Superior Court Judge after 13 days of evidentiary hearings, which decision was upheld by the Appellate Court and certification was denied by the Supreme Court. There is a finding in the record by a Superior Court Judge that at all times Chase had probable cause to both commence and prosecute the underlying 1989 fraud lawsuit. Therefore, reasonable judges hearing lengthy testimony in the same case have drawn two essentially different conclusions. "Whether a claim is colorable for the purposes of the bad faith exception is a matter of whether a reasonable attorney could have concluded that facts supporting the claim might be established, not whether such facts had been established." Fattibene v.Kealey, supra, 18 Conn. App. 361; Acker v. Farrah, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV 93-0704603 S (July 30, 1998, Freed, J.), 1998 Ct. Sup. 9613. CT Page 7280
Therefore, under the circumstances, where two Superior Court Judges have reached essentially opposite factual conclusions after lengthy evidentiary hearings, this court cannot make a finding as requested by the defendant under General Statutes § 52-226a of either (1) "the action was without merit" and/or (2) "the action. . was not brought or asserted in good faith."
This decision will: (1) promote judicial economy by minimizing repetitive litigation, (2) provide repose by preventing a person from being harassed by vexatious litigation, (3) finally lay a controversy to rest, and (4) conserve judicial resources whose dockets are deluged with new cases daily. Isaac v. Truck Services, Inc., 253 Conn. 416, 422-23
(2000).
The defendant's Motion for Special Finding under General Statutes §52-226a is hereby denied
SO ORDERED.
KEVIN TIERNEY, J.