[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SPECIAL FINDING (#126)
Before the court is the defendants' motion for special finding, dated July 26, 2002 and filed on July 29, 2002 (motion). For the reasons set forth below, the motion is denied.
 I. PROCEDURAL BACKGROUND
After a bench trial on June 6, 2002, the court issued its memorandum of decision, dated July 23, 2002 (##123 and 125), in which it found the issues in favor of the defendants, Christopher J. Mather and MW Construction, Inc. (MW). In their motion, at page 1, the defendants assert "[t]hat the facts in the above captioned case found . . . show that the . . . action was instituted without merit and not brought or asserted in good faith." Pursuant to General Statutes § 52-226a, they seek a special finding, to be incorporated in the judgment or made part of the record, that the action "was without merit and not brought or asserted in good faith." Motion, p. 2. The motion does not request either oral argument or an evidentiary hearing. In response to the motion, the plaintiff filed a request for oral argument. The court has determined that oral argument is not needed, and has proceeded to adjudicate the motion.
 II. DISCUSSION
In its previous memorandum of decision, the court set forth its findings as to the facts, both in the facts section at pp. 2-9, and subsequently, in its discussion of the issues. Reference is made below to those findings.
General Statutes § 52-226a provides: "[i]n any civil action tried to a jury, after the return of a verdict and before judgment has been rendered thereon, or in any civil action tried to the court, not more than fourteen days after judgment has been rendered, the prevailing party may file a written motion requesting the court to make a special finding to be incorporated in the judgment or made a part of the record, as the CT Page 11808 case may be, that the action or a defense to the action was without merit and not brought or asserted in good faith."[1] In construing this section, our Appellate Court has stated, "[W]e have declined to uphold awards under the bad-faith exception absent both clear evidence that the challenged actions are entirely without color and [are taken] for reasons of harassment or delay or for other improper purposes. . . ." (Internal quotation marks omitted.) Beverly v. State, 44 Conn. App. 641, 648-649,691 A.2d 1093 (1997).
"A special finding under General Statutes § 52-226a can be made only when two elements have been shown: (1) `the action was without merit' and (2) `the action . . . was not brought or asserted in good faith.' Both must be found in order for `the court to make a special finding.' Trial courts have upheld the denial of a motion for special finding in which the plaintiffs action was determined to be commenced without merit but the court had insufficient evidence to make a finding that it was not brought or asserted in good faith." Shea v. ChaseManhattan Bank, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV 96 0149647 (June 15, 2000, Tierney, J.).
"[I]n common usage, it (good faith) has a well defined and generally understood meaning, being ordinarily used to describe that state of mind denoting honesty of purpose, freedom from intention to defraud, and generally speaking means being faithful to one's duty or obligation. . . ." (Internal quotation marks omitted.) Id. "Whether a claim is colorable for the purposes of the bad faith exception is a matter of whether a reasonable attorney could have concluded that facts supporting the claim might be established, not whether such facts had been established." (Internal quotation marks omitted.) Fattibene v. Kealey, 18 Conn. App. 344,361, 558 A.2d 677 (1989).
Here, the plaintiff asserted that his former wife, Ann Mundinger, was not acting as his agent when she accepted MW's June 16, 1995 check for $100,000.00, which she later deposited into her own acccount. Rather, he contended that Mundinger was Mather's agent and conspired with him to misappropriate the money. See memorandum of decision, pp. 9-14. The court found that Mundinger acted as the plaintiffs agent in accepting the check, thereby discharging the defendants' obligations to the plaintiff. The court also concluded that Mather had acted in good faith and had not engaged in a conspiracy with Mundinger. Id.
There is no basis before the court on which to conclude that the issues which were litigated stem from anything other than a good faith dispute concerning the existence of a debt. See BB Bail Bonds Agency of Conn.,Inc. v. Bailey, 256 Conn. 209, 212, 770 A.2d 960 (2001). The disputes CT Page 11809 about whether Mundinger was the plaintiffs agent, and whether Mather and she conspired against the plaintiff, presented legitimate factual issues. Also, the court's findings depended, in part, on its assessment, as the finder of fact, of Mather's credibility. See memorandum of decision, pp. 12-13.
Therefore, "this court cannot make a finding as requested by the defendant[s] under General Statutes § 52-226a of either (1) `the action was without merit' and/or (2) `the action . . . was not brought or asserted in good faith.'" Shea v. Chase Manhattan Bank, supra.
 CONCLUSION
For the foregoing reasons, the defendants' motion for special finding is denied. It is so ordered.
BY THE COURT
 ___________________ ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT